Allegheny West Civic Council, Inc., Appellant *v.* The City Planning Commission of The City of Pittsburgh et al., Appellees.

Argued November 17, 1983, before Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Frederick R. Nene,* for appellant.

*Gretchen G. Donaldson,* Associate City Solicitor, with her *D. R. Pellegrini,* City Solicitor, for appellee.

*William P. Bresnahan,* with him *Denise L. Wilsher,* for intervenor, Community College of Allegheny County.

OPINION BY JUDGE MACPHAIL, January 30, 1984:

Allegheny West Civic Council, Inc. (Appellant) has appealed from an order of the Court of Common Pleas of Allegheny County quashing Appellant's appeal from an action of the Pittsburgh City Planning Commission (Commission). We affirm.

The Community College of Allegheny County (CCAC) filed a conditional use application with the Commission on or about March 23, 1983, seeking permission to use an existing structure at 800 Allegheny Avenue as an administrative office building for CCAC.[1] Following public hearings on the application,

---

[1] The conditional use application was filed as the result of a decision by the Pittsburgh Zoning Board of Adjustment (Board) which ruled that CCAC's proposed use is within the scope of the "educational institution" definition in the Pittsburgh Zoning Ordinance. In the A-1 district, where the site at issue is located, an educational institution is allowed only as a conditional use. The Board's decision, which was reversed by the common pleas court, is the subject of a separate appeal presently before this Court, docketed at 1752 C.D. 1983.

the Commission unanimously voted to recommend that City Council grant the conditional use. Appellant appealed this recommendation directly to the common pleas court which, having concluded that no final decision was before it, quashed the appeal.

Section 752 of the Local Agency Law, 2 Pa. C. S. §752 provides, *inter alia,* in part that any person aggrieved "by an adjudication of a local agency" may appeal to the appropriate court of record. An "adjudication" is defined as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights". 2 Pa. C. S. §101. Thus, the Commission's action must constitute a final decision or order if it is to be directly appealable to the common pleas court.

Section 993.01(a)(C) of the Pittsburgh Zoning Ordinance provides the following procedure with regard to conditional use applications:

(3) *Action of Commission.* The Commission shall make a report of its findings *and recommendations* within ninety days from the date of filing of the application and shall transmit a copy thereof to Council and to the applicant. . . .

(4) *Action by Council.* Within ninety days after a report and recommendation upon a conditional use application has been received by Council from the Planning Commission, Council *may approve* the proposed conditional use, provided that if the Commission has recommended against the granting of such use, such approval by Council shall require an affirmative vote of seven members thereof. . . . (Emphasis added.)

We conclude from this provision that the Commission's action on a conditional use application is recommendatory only and lacks the requisite finality to

render it appealable as an adjudication. Moreover, the recommendatory nature of the Commission's role is not altered by the fact that in certain instances a "super-majority" of Council votes may be required to reach a result contrary to the Commission's recommendation. The Commission's action remains nonbinding and may not be directly appealed to the common pleas court.[2]

Order affirmed.

### ORDER

The order of the Court of Common Pleas of Allegheny County, dated August 9, 1983, is hereby affirmed.

---

[2] We note that the parties cite to the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202 as authority for their respective positions. The provisions of the MPC, however, are inapplicable to Pittsburgh, because it is a city of the second class. *See* Section 105 of the MPC, 53 P.S. §10105.