**BARTKOWSKI INVESTMENT GROUP, INC., Appellant**

v.

**BOARD OF COMMISSIONERS OF MARPLE TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 2011.

Decided April 15, 2011.

Gregg I. Adelman, Blue Bell, for appellant.

James J. Byrne, Jr., Media, for appellee.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge BROBSON.

Appellant Bartkowski Investment Group, Inc. (BIG) appeals from an order of the Court of Common Pleas of Delaware County (trial court), which granted summary judgment in favor of the Marple Township Board of Commissioners (Township) in two actions filed by BIG—(1) a procedural validity challenge to a Township ordinance under Section 5571.1 of the Judicial Code, 42 Pa.C.S. § 5571.1 (Procedural Challenge); and (2) a complaint for declaratory and mandamus relief relating to the ordinance (the Complaint). For the reasons that follow, we affirm the trial court's entry of summary judgment in favor of the Township as to the Procedural Challenge. We, however, reverse the entry of summary judgment in favor of the Township on the Complaint and remand for further proceedings.

## BACKGROUND[1]

BIG is in the billboard advertising business. Between October 2007 and July 2008, BIG entered into leases with several property owners in the Township, pursuant to which the owners granted BIG permission to develop, operate, and lease billboard signs on their properties.

At the time BIG entered into the leases, the Township's Zoning Ordinance did not provide for off-premises billboard advertising anywhere in the Township. During a meeting of the Township Board of Commissioners (Commissioners) on July 14, 2008, the Township's solicitor stated that the Township's Zoning Ordinance did not permit the erection of billboards. Following that announcement, the Commissioners directed the solicitor to prepare a draft ordinance in accordance with the curative amendment process described in Section 609.2 of the Municipalities Planning Code (MPC),[2] which would permit the erection and use of off-premises advertising signs in the Township.

On August 5, 2008, BIG filed seven (7) applications with the Township for zoning approval of billboards (Zoning Applications). On August 11, 2008, the Commissioners, in accordance with Section 609.2, adopted a resolution, noting the actions it had taken during its July 2008 meeting and declaring that the Zoning Ordinance did not provide for off-premises advertising. On August 13, 2008, the Township Zoning Officer sent a letter to BIG advising BIG of the resolution and that the Township had begun the curative amendment process. The Township met with BIG during August 2008 to discuss possible provisions the Township might include in the amendment, but, thereafter, the Township did not respond to BIG's overtures to further discuss the amendment. On November 26, 2008, the Township solicitor sent a copy of a proposed curative amendment ordinance to the Delaware County Planning Commission. On December 4, 2008, the Township's Planning Com-

---

1. We derive many of the facts below from the Stipulation of Facts the parties submitted to the trial court. (Reproduced Record (R.R.) at 242a–264a.)

2. Act of July 31, 1968, P.L. 805, added by the Act of October 5, 1978, P.L. 1067, *as amended,* 53 P.S. § 10609.2. The curative amend-

ment process in the MPC provides the mechanism by which a municipality can correct, or cure, an existing ordinance that the municipality determines is "substantially invalid." *Id.* Once the municipality initiates the curative amendment process, it has 180 days from the date it declares the ordinance invalid to enact a curative amendment. *Id.*

mission recommended that the Township Commissioners approve the curative amendment ordinance.

The Township published notice on December 17 and 24, 2008, that the Commissioners would conduct a public hearing to consider the curative amendment ordinance on January 5, 2009. At the public hearing, the Commissioners voted to enact the curative amendment ordinance to provide for billboards in the Township— Ordinance No. 2009–1, to be immediately effective. (R.R. at 147a.) The approved ordinance was not identical to the version of the ordinance that the Township submitted to the Township Planning Commission and County Planning Commission. The sole change, however, was a renumbering of one of the provisions from Section 300–85.1 to Section 300–95.1. (Emphasis added.) Ordinance No. 2009–1 also did not permit the billboards that BIG proposed in its applications for zoning approval. Accordingly, on January 13, 2009, the Township's Code Enforcement Officer notified BIG that its applications were denied.

Although Section 1502 of The First Class Township Code [3] provides that First Class Townships "shall" record ordinances in the official Township ordinance book within one month of the date of passage, the Township did not record Ordinance 2009–1 in its ordinance book prior to the expiration of that time period. The parties agree that the Township eventually recorded the curative amendment ordinance, but the parties did not stipulate to the specific date upon which the Township recorded the ordinance. BIG asserts that the recording occurred after June 30, 2009, which is the date upon which BIG filed its Complaint and Procedural Challenge appeal.[4]

In its Complaint, BIG seeks an order declaring, *inter alia,* that Ordinance 2009–1 never became *effective.* (R.R. at 170a.) Because the ordinance never took effect, BIG also seeks an order directing the Township to issue BIG its billboard permits based on the invalid exclusionary ordinance that remained in effect. Upon motion filed by BIG, the trial court consolidated the Complaint and the Procedural Challenge. The Township filed preliminary objections to BIG's Complaint, which the trial court overruled. Thereafter, the Township filed an answer and new matter in response to the Complaint. The parties engaged in discovery, and, in March 2010, they agreed to a Stipulation of Facts. BIG filed a motion for summary judgment as to the Complaint. The Township filed motions for summary judgment relating to both the Complaint and the Procedural Challenge.

The trial court granted the Township's motions for summary judgment.[5] With regard to the Procedural Challenge, the trial court concluded that BIG had failed to sustain its burden under Section 5571.1 of the Judicial Code, and thus its procedural challenge to Ordinance 2009–1, filed more than thirty (30) days after the intended effective date of the ordinance, was un-

---

3. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 56502.

4. On that same date, BIG also filed a substantive validity challenge with the Township's Zoning Hearing Board, asserting that the Township's Zoning Ordinance improperly excluded billboards as a use within the Township. Additionally, after BIG filed its actions, the Township voted on August 11, 2009, to re-

enact the billboard ordinance. The stipulation describes the timeline for this enactment and states that the Township recorded that ordinance in the Township's official ordinance book.

5. The trial court's order granting summary judgment in favor of the Township denied all other pending motions, presumably including BIG's summary judgment motion, as moot.

timely. With regard to the Complaint, the trial court concluded that BIG's claims were indistinguishable from the Procedural Challenge and, thus, the Complaint was also time-barred.

## DISCUSSION

■ BIG filed a timely appeal with this Court.[6] BIG identifies separate issues on appeal with respect to the trial court's treatment of the Procedural Challenge and the Complaint. Accordingly, we will address the two actions separately.

### Procedural Challenge

BIG raises the following issues relating to the trial court's disposition of the Procedural Challenge:

1. Whether the trial court erred in concluding that BIG's Procedural Challenge was untimely?

2. Whether the trial court erred in concluding that the record did not demonstrate that a defect or defects in the enactment process were such that application of the time limitations in Section 5571.1(c) of the Judicial Code would result in an impermissible deprivation of BIG's constitutional rights?

3. Whether the trial court erred in concluding that the Township complied with the public notice requirements for enactment of ordinances in Sections 609 and 610 of the MPC, 53 P.S. §§ 10609 and 10610?

4. Whether the trial court erred in concluding that BIG was required under Section 5571.1 of the Judicial Code to demonstrate actual prejudice?

5. Whether the trial court erred in concluding that BIG did not satisfy its burden under Section 5571.1(e)(2) of the Judicial Code, which pertains to challenges exempt from the 30–day time limitations for Procedural Challenges?

Section 5571.1 of the Judicial Code provides the method and standards for reviewing a party's challenges to the ordinance enactment process. Key to our review of the issues on appeal are the following provisions:

**(b) Appeals of defects in statutory procedure.—**

(1) Any appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance.

(2) Except as provided in subsection (c), it is the express intent of the General Assembly that this 30–day limitation shall apply regardless of the ultimate validity of the challenged ordinance.

**(c) Exemption from limitation.—** *An appeal shall be exempt from the time limitation in subsection (b) if the party bringing the appeal establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the time limitation under subsection (b) would result in an impermissible deprivation of constitutional rights.*

. . .

**(e) Burden of proof.—***Notwithstanding any other provision of law, an ordinance shall not be found void from inception except as follows:*

(1) In the case of an appeal brought within the 30–day time limitation of

---

6. This Court's review of a trial court's decision granting summary judgment is limited to considering whether the trial court erred as a matter of law or abused its discretion. *Moun-* *tain Village v. Bd. of Supervisors of Long-swamp Twp.*, 582 Pa. 605, 614, 874 A.2d 1, 5 (2005).

subsection (b), the party alleging the defect must meet the burden of proving that there was a failure to strictly comply with statutory procedure.

(2) *In the case of an appeal which is exempt from the 30–day time limitation in accordance with subsection (c), the party alleging the defect must meet the burden of proving each of the following:*

(i) *That there was a failure to strictly comply with statutory procedure.*

(ii) *That there was a failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in or the existence of the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance.*

(Emphasis added.)

"Intended effective date" is expressly defined as follows:

Notwithstanding the validity of the challenged ordinance, *the effective date specified in the challenged ordinance* or, if no effective date is specified, the date 60 days after the date the ordinance would have been finally adopted but for the alleged defect in the process of enactment or adoption.

Section 5571.1(g) of the Judicial Code (emphasis added).

Here, Ordinance 2009–1 expressly provided that it was "effective immediately." Thus, unless exempt from the time limitation in subsection (b), any procedural challenge to Ordinance 2009–1 would have to have been filed by February 4, 2009. As suggested by the statutory language, when a party initiates a procedural challenge under Section 5571.1 of the Judicial Code within thirty days of the intended effective date of an ordinance, to succeed the party need only demonstrate that a municipality did not strictly comply with the statutory procedures for the enactment and adoption of an ordinance. Section 5571.1(e)(1) of the Judicial Code. It is undisputed that BIG did not file its Procedural Challenge within that time period.

BIG, however, argues that the trial court erred in concluding that its Procedural Challenge is not exempt from the thirty-day time limitation under Section 5571.1(c) of the Judicial Code. When a party seeks to bring a procedural challenge under Section 5571.1 of the Judicial Code beyond the thirty-day limitation period, a party must first demonstrate that "because of the alleged defect in statutory procedure, the application of the [thirty-day] time limitation ... would result in an impermissible deprivation of constitutional rights." Section 5571.1(c) of the Judicial Code; *Messina v. East Penn Twp.*, 995 A.2d 517 (Pa.Cmwlth.), *appeal granted,* —— Pa. ——, 9 A.3d 1136 (2010). If a party is able to satisfy that burden to show an impermissible deprivation of constitutional rights, the party must also satisfy the burden-of-proof requirements set forth under Section 5571.1(e)(2) of the Judicial Code. *Messina.* Under that subsection, a party must establish not only that a municipality failed to strictly comply with statutory procedures, but must also demonstrate "[t]hat there was a failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in or the existence of the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance." Section 5571.1(e)(2)(ii) of the Judicial Code.

■ Therefore, when more than thirty days have elapsed since the intended effective date of an ordinance, notwithstanding

a party's ability to demonstrate an impermissible constitutional deprivation, if the party cannot satisfy its burden of proof under Section 5571.1(e)(2), it is not entitled to relief in the nature of an order declaring that the challenged ordinance is invalid. Thus, in this case, if the pleadings and other evidence indicate that BIG could not sustain its burden of proving that the "failure [of the Township] to substantially comply with statutory procedure resulted in insufficient notification to the public" of the "impending changes in or the existence of the ordinance" that prevented the public from commenting on the proposed changes or intervening, then the Court can affirm the trial court on that ground.[7]

■ In *Messina*, after noting that the General Assembly had the power to circumscribe the procedures necessary for validating a municipality's enactments, the Court observed that "the ordinance provisions in question implicate due process." *Messina*, 995 A.2d at 533. We stated further that "[d]emonstrable prejudice is a key factor in assessing whether" a municipality's actions have resulted in a denial of due process. *Id.* With regard to the public's interest in the process of ordinance enactment and adoption, "the General Assembly is empowered to define the process due to the public, as long as, in so doing, it does not deprive the public of its fundamental rights." *Id.* The Court signaled its conclusion that the challenger in that case demonstrated no due process violation as to its own "private right or the public's interest." *Id.* at 534. The Court reviewed the actual notice and hearing that the municipality provided to the public before enacting the zoning ordinance at issue, and observed the extent and nature of the notice and hearing opportunity that the mu-

nicipality provided, concluding that that process was sufficient under the principals of due process presumably reflected in Section 5571.1(e).

In *Messina*, this Court identified the following facts as pertinent to the notice and participation concerns of due process: (1) the municipality held more than twenty hearings on the proposed comprehensive zoning ordinance; (2) several proofs of publication indicated that the township provided notice of the meetings relating to the ordinance; (3) the township provided notice of a township "workshop" on the ordinance; and (4) proof of publication of notice of hearings on the ordinance indicated that the township provided notice that it would be considering enactment of the ordinance after the hearing and that a copy of the ordinance could be reviewed at the township building or County Law Library. In summary, the Court reasoned that "[t]he public interest in participation, as balanced against the public interest in finality, was protected by the lengthy process detailed above." *Id.* at 536.

■ Unlike the ordinance at issue in *Messina*, which was a township's first comprehensive zoning ordinance, the ordinance at issue in this case relates to a single previously unidentified use—billboard signs. Thus, one would not expect the Township in this case to provide the same number of meetings and hearings leading up to the enactment of Ordinance 2009–1— the curative amendment ordinance. With this distinction in mind, we consider whether the notice-related measures the Township took before enacting Ordinance 2009–1 provided sufficient notification to the public, despite the alleged lack of strict or substantial compliance with the statutory procedures, in order to determine

---

7. This Court, therefore, would not have to address the question of whether BIG has demonstrated or could demonstrate that because of the nature of the particular defect or defects in the statutory procedures, application of the thirty-day time limitation would result in an impermissible deprivation of constitutional rights.

whether BIG could sustain its burden under Section 5571(e) of the Judicial Code.[8]

The Township published notice on December 17 and 24, 2008, that the Commissioners would conduct a public hearing on the curative amendment on January 5, 2009. Although the published notice of those public hearings does not include a title or a *caption* identifying the purpose of the hearings, the *body* of the notice indicates the date, place, and time for the Township Commissioners' consideration and potential enactment of the proposed ordinance. The notice indicates that the purpose of the January 5, 2009 hearing would be for the Commissioners "to review and accept public comment on the proposed Zoning Ordinance to provide for off premises advertising signs as a principal use in certain districts and to adopt said Ordinance that same night." (R.R. at 141a.) The notice also advised that "[a] full text of the above Ordinance is available for inspection in the Marple Township Administration Offices." *(Id.)*

As simple as the information in the notice may appear to be, the notice did convey to the general public that the primary purpose of the meeting would be for the Commissioners to consider and possibly enact an ordinance that would permit off-premises advertising as a principal use in some parts of the Township. Additionally, the notice informed the general public that, if they desired to read the complete text of the proposed ordinance, they could do so at the Township's municipal building.[9]

■■ Although the Township may not have complied strictly with the requirements for enactment of ordinances as set forth in the MPC, as noted above, our review rests on the question of whether the Township's lack of strict and substantial compliance resulted in insufficient notification to the public. In using the phrase "failure to substantially comply with statutory procedure" in Section 5571.1(e)(2)(ii) of the Judicial Code, we believe that the General Assembly was referring to situations where a Township may have complied in part with specific statutory requirements but failed to comply with others. Nevertheless, when, on balance, a municipality's compliance with statutory procedures is sufficient to satisfy concerns about public notice and participation, the municipality's failures are not sufficient to overcome the presumed validity of an ordinance.[10]

8. BIG alleges that the Township failed to comply strictly or substantially with the statutory procedures of Sections 609 and 610 of the MPC, as follows: (1) failure to supply a complete copy of the proposed ordinance for publication (as required by Section 610(a)(1) of the MPC and Section 1502 of the First Class Township Code); (2) failure to include a title of the ordinance in the publication notice (as required by Section 610(a) of the MPC and Section 1502 of the First Class Township Code); (3) failure to send the proposed ordinance back to the County and Township Planning Commission and failure to re-publish the ordinance before voting on the proposed ordinance after making a change to the ordinance (as required by Sections 609 and 610(b) of the MPC and Section 1502 of the First Class Township Code); and (4) failure to provide a brief summary in sufficient detail in lieu of full publication of the proposed ordinance (as required by Section 610(a) of the MPC).

9. At the public hearing on January 5, 2009, the Commissioners voted to enact the ordinance. The ordinance was not the same as the one the Township submitted to the Township and County Planning Commissions. The sole change, however, was a renumbering of one of the provisions from Section 300–85.1 to Section 300–95.1. We cannot agree with BIG that this technical and non-substantive alteration is one that would have required republication and resubmission to the planning agencies.

10. "An ordinance shall be presumed to be valid and to have been enacted or adopted in

Here, the Township conveyed information to the public regarding the timing and purpose of the January meeting and the published summary of the proposed ordinance, as well as a reference to the place where the public could review the proposed ordinance. Based upon those facts, we conclude that the Township's alleged failures to strictly comply with certain procedures for enactment of Ordinance 2009–1 were not so "substantial" as to prevent the public from being aware of the proposed ordinance or as to prevent the public from being able to participate or comment upon the proposed ordinance. Further, as noted above, the alteration to the ordinance before enactment was so insubstantial in character that we cannot conclude that the change before enactment affected the public's right to notification.

When, as in this case, a party seeks to challenge an ordinance more than thirty days after the intended effective date of the ordinance, the party must demonstrate that the alleged lack of compliance with procedures was substantial and resulted in insufficient notice to the public that prevented the public from commenting on the proposed ordinance. Based upon these observations, we conclude that BIG could not satisfy its burden of proof under Section 5571.1(e) of the Judicial Code, and, therefore, the trial court did not err in concluding that the Township was entitled to summary judgment on BIG's Procedural Challenge.[11]

*Complaint*

■ In granting summary judgment in favor of the Township on BIG's Complaint, the trial court essentially treated the Complaint as a procedural validity challenge to Ordinance 2009–1. Because the trial court concluded that BIG could not prevail on its Procedural Challenge for failure to satisfy the standards of Section 5571.1 of the Judicial Code, the trial court likewise determined that it should grant summary judgment in favor of the Township on the Complaint.

Although BIG raises several issues for our review regarding the trial court's disposition of the Complaint, in light of our analysis above, the question before the Court is quite simple. If the Complaint is, as the trial court read it, a procedural challenge to the validity of Ordinance 2009–1, then we should affirm the trial court because, as set forth above, BIG has not met its burden of proof under Section 5571.1(e)(2). If it is not, we should reverse the trial court and remand the case for further proceedings on the Complaint. Because we do not read BIG's Complaint as stating a procedural challenge to the validity of the ordinance, we reverse and remand.

We note that in paragraph 33 of the Complaint, BIG makes several allegations of failures by the Township to follow statutory procedures for enactment of Ordinance 2009–1. (R.R. at 168a.) We agree with the trial court that such allegations are more appropriately addressed to a procedural challenge under Section 5571.1. In

---

strict compliance with statutory procedures." Section 5571.1(d)(1) of the Judicial Code.

11. In light of our stated reasons for affirming the trial court's decision, the Court will not address the other issues raised by BIG in its appeal. Finally, although BIG has not asserted that the Township's failure to record timely Ordinance 2009–1 was a defect in the en-

actment of the ordinance that would satisfy BIG's burden of proof under Section 5571.1(e)(2), we note that the Township eventually did record the ordinance. Moreover, for the reasons discussed below with regard to the Complaint, the untimely recording that occurred in this case is not a basis for challenging the ordinance as void ab initio under Section 5571.1 of the Judicial Code.

paragraph 33, however, BIG also claims that the Township failed to record the ordinance in the Township's ordinance book:

> Following the Board's enactment of [Ordinance 2009–1], the Township did not record the [ordinance] in the Township's Ordinance Book, as required by Section 1502 of the First Class Township Code, 53 P.S. § 56502, nor was the [ordinance] incorporated by reference into the Township's Ordinance Book.

(*Id.* at 169a.). BIG claims that because the Township failed to *record* the curative amendment ordinance in compliance with Section 1502 of The First Class Township Code, Ordinance 2009–1 did not become "effective" within the 180 days allotted for the curative amendment process in Section 609.2 of MPC.[12] Because it did not become "effective" within the 180–day period, Ordinance 2009–1 cannot be considered a "curative amendment" and thus cannot be applied retroactive to BIG's zoning applications. Thus, according to BIG, the predecessor, invalid zoning ordinance applies to BIG's applications. Because it is undisputed that the predecessor ordinance was invalid because it excluded off-premises signage, including billboards, BIG maintains that the Township is required by law to approve BIG's applications for billboards. (*Id.* at 169a–71 a.)

Based on this legal theory, BIG seeks the following declaratory relief in Count I of the Complaint:

> A. Declare that [Ordinance 2009–1] never took effect.

> B. Declare that Section 300–91.F of the Township Zoning Ordinance [the invalid ordinance] remains in effect;

C. Declare that Section 300–91.F of the Zoning Ordinance effects an illegal *de jure* exclusion of off-premise (sic) signs in the Township; and

D. Grant such other relief as the Court deems appropriate.

(*Id.* at 170a.) In Count II of the Complaint, BIG seeks the following relief in the nature of mandamus:

> A. Direct the Township to approve BIG's Billboard Applications and issue the appropriate billboard sign permits required for BIG to erect, construct, maintain and operate billboards on the Properties; and

> B. Grant such other relief as the Court deems appropriate.

(*Id.* at 171a.) The substantive merit of BIG's legal theory is not before the Court. As noted above, the only question before the Court is whether the trial court erred when it characterized BIG's claims as a procedural challenge to the *validity* of Ordinance 2009–1, which, if successful, would render Ordinance 2009–1 void ab initio.

In a decision pre-dating the General Assembly's attempts to respond to void ab initio claims, our Supreme Court addressed procedural invalidity claims involving a recording failure relating to municipalities governed by The Second Class Township Code (SCTC).[13] *Cranberry Park Assocs. v. Cranberry Twp. Zoning Hearing Bd.*, 561 Pa. 456, 751 A.2d 165 (2000), *superseded by statute as stated in Schadler v. Zoning Hearing Board of Weisenberg Township*, 814 A.2d 1265 (Pa. Cmwlth.2003), *rev'd*, 578 Pa. 177, 850 A.2d 619 (2004). Following the Supreme

---

**12.** As stated above, the Township passed the curative amendment ordinance at its January 5, 2009 meeting, with a stated immediate effective date. The 180–day period to cure the defect in the ordinance started to run when the Commissioners declared its zoning ordinance invalid and started the curative amendment process. Section 609.2(1)(i) of the MPC. The 180–day period, therefore, expired sometime in January or February 2009.

**13.** Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65101–68701.

Court's decision in Cranberry Park, our General Assembly amended the SCTC by enacting Section 1601, 53 P.S. § 66601, which provided, in pertinent part, that "the failure to record within the time provided [shall not] be deemed a defect in the process of enactment or adoption of such ordinance." [14] Although we have discovered no similar provision in the First Class Township Code, for the reasons expressed below, we nevertheless conclude that BIG's claim for relief in the Complaint does not implicate the void ab initio analysis as reflected in Section 5571.1 of the Judicial Code and the analysis applied by appellate courts both before and after the enactment of Section 5571.1 of the Judicial Code.[15]

First, we observe that in cases preceding the General Assembly's adoption of Section 5571.1 of the Judicial Code, the particular municipalities *never* recorded the ordinances at issue. This is a significant factor in our analysis, because independent research has not revealed any cases addressing the question of whether an untimely recording means an enactment can *never* be "effective." (Naturally, then, we discovered no decisions addressing the question of *when* an untimely recorded ordinance becomes effective.)

We begin our analysis with Section 1502 of the First Class Township Code, which provides in pertinent part:

No ordinance ... shall be considered in force until the same is recorded in the ordinance book of the township. All township ordinances shall, within one month after their passage, be recorded by the township secretary in a book provided for the purpose.

The question Section 1502 raises is whether the provision that a municipality shall record an ordinance within one month of the date of passage is mandatory or directory in nature.

In a distinct zoning context, this Court has addressed whether a provision of the MPC was mandatory or directory. *Limekiln Golf Course, Inc. v. Zoning Bd. of Adjustment of Horsham Twp.*, 1 Pa. Cmwlth. 499, 275 A.2d 896 (1971). In that case, the Court rejected an argument that the MPC's requirement that zoning hearing boards deliver personally or mail copies of a final decision no later than within a

---

**14.** In our Supreme Court's decision in *Schadler*, the Supreme Court acknowledged this new language, noting that although this provision superseded its analysis in *Cranberry Park* as to the previous impact of failing to record an ordinance under the SCTC, the underlying analysis as to the effect of other procedural defects remained vital. This observation highlights a distinction between *Schadler* and this case. *Schadler* focused on defects in the pre-enactment process. This case involves a post-enactment process. As the Court in *Schadler* noted, a key purpose of pre-enactment notice provisions is to inform the public of impending changes in the law so that members of the public may comment on those changes and intervene when necessary.

**15.** We note that in *Nockamixon Township v. Nockamixon Township Zoning Hearing Board*, 8 A.3d 434 (Pa.Cmwlth.2010), this Court ad-

dressed a void ab initio challenge to zoning ordinances that a municipality enacted in 1968 and 1990, the latter of which the Township failed to record. The municipality ultimately recodified and recorded all of the Township's ordinances in 2001. In concluding that the void ab initio doctrine did not apply, the Court referred to both Section 1601 of the SCTC and the shift in due process analysis following the General Assembly's responses to void ab initio claims (as perhaps reflected most recently in Section 5571.1 of the Judicial Code), concluding that (1) the 2001 codification cured recording defects that occurred in the Township's enactment of the ordinance in 1990, and (2) the public and the objector had sufficient notice of the challenged ordinances, such that the failures of the Township to comply with all applicable enactment procedures did not offend due process.

day of the decision, was mandatory. The Court opined as follows:

> [W]e have no hesitancy in concluding that the delivery or mailing requirement of clause (10) is directory rather than mandatory ... [A] time-honored form of the rule to be applied is "that whether a statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required." The essence of clauses (9) and (10) of Section 908 is the filing of the report within the time fixed in clause (9), not the giving of notice. We are not unmindful that zoning procedures are to be strictly followed; but if the statutory provision in question is simply intended to promote dispatch and if noncompliance does not injure the landowner, the provision is to be construed as directory. We do not believe that the legislature intended the severe stricture of clause (9) to follow from a failure to observe the letter of clause (10) not only because the alternative consequence of decision for the applicant is not included in the latter but also because a consequence protective of the applicant is otherwise provided. The appeal period does not commence to run until issuance of notice of the decision or report of the board.

*Id.* at 904 (citations omitted). In a more recent decision, this Court similarly rejected the same argument, noting the MPC's silence as to a consequence of a municipality's failure to comply with the delivery requirement and that there was no indication that the failure implicated any due process rights on the part of the applicant. *Geryville Materials, Inc. v. Lower Milford Twp. Zoning Hearing Bd.*, 972 A.2d 136 (Pa.Cmwlth.2009), *appeal denied*, —— Pa. ——, 8 A.3d 347 (2010).

Although the provision at issue in those two cases involved the application of a time limitation period to a decision-making process, rather than a legislative enactment, as in this case, those cases provide some insight into the specific question of whether the time limitation aspect of the recording provision in Section 1502 of the First Class Township Code is directory or mandatory. First, Section 1502 of the First Class Township Code provides for no specific penalty when a municipality fails to record an ordinance within one month of passage other than that an ordinance is not "in force" until it is recorded. The provision, like the time limitation period in the above-cited cases, nowhere states that a consequence of the failure to record within the one-month period is that a municipality can *never* record the ordinance to make it effective and, therefore, failure to timely record renders the ordinance "invalid."

The two key provisions of Section 1502 of the First Class Township Code are: (1) no ordinance shall be considered in force until it is recorded, and (2) the municipality shall record within one month of passage. There can be no dispute that the recording of an ordinance in a municipality's ordinance book serves, in part, a post-enactment notice function, and that failing to record an ordinance may result in a lack of post-enactment notice to interested parties. Thus, the mandatory nature of and purpose for requiring post-enactment notice through recording before an ordinance can become effective is clear. That mandate, however, does not necessarily warrant the conclusion that a municipality may not make an enactment effective through an untimely recording under Section 1502 of the First Class Township Code. If post-enactment notice is the key, and untimely recording ultimately satisfies that need, then absent some other rationale relating to the timing of the effectiveness of an ordinance (compared to the validity of an ordinance, which may implicate pre-enactment notice issues as in *Schadler*), we view the time requirement

for recording to be directory rather than mandatory.[16]

Based upon this interpretation of the recording requirements of Section 1502 of the First Class Township Code, we perceive a distinction between an invalid ordinance (Section 5571.1 of the MPC) and an ordinance that is not yet effective because it has not yet been recorded (Section 1502 of the First Class Township Code). In its Complaint, BIG seeks declaratory and mandamus relief that turns on when, or if, Ordinance 2009–1 became effective and not on whether it is invalid. Consequently, we must disagree with the trial court's suggestion that a legal challenge premised on a failure of a municipality to record an ordinance is tantamount to a procedural challenge to the *validity* of the ordinance, which necessarily requires application of Section 5571.1 of the Judicial Code.

Because this was the only basis for the trial court's entry of summary judgment in favor of the Township on the Complaint, and for this reason only, we conclude that the trial court erred in granting summary judgment in favor of the Township on BIG's Complaint, and that portion of its order is reversed. We remand this matter to the trial court for further proceedings on BIG's Complaint as the trial court deems appropriate, keeping in mind the nature of a trial court's powers, its duties, and the level of discretion afforded it under the Declaratory Judgment Act.[17]

## ORDER

AND NOW, this 15th day of April, 2011, the order of the Court of Common Pleas of Delaware County (trial court) is AFFIRMED IN PART. The trial court's order granting summary judgment in favor of the Board of Commissioners of Marple Township (Township) on the Procedural Challenge filed by Bartkowski Investment Group, Inc. (BIG) is AFFIRMED. The trial court's order granting summary judgment in favor of the Township on BIG's Complaint is REVERSED. BIG's Complaint is remanded to the trial court for further proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.

---

**16.** We believe other considerations support this conclusion. For example, the other side of the coin with respect to Section 1502's recording requirement is that knowledge of an ordinance's passage may create expectations in interested parties that a new ordinance will become effective. Such persons or entities may benefit personally from the enactment and, therefore, have an interest in ensuring that the municipality follows through on the mechanical process of turning a validly enacted ordinance into an effective ordinance. Thus, the failure of a municipality to record an ordinance could provide a sufficient basis for interested persons or entities to pursue relief in the nature of mandamus to compel the municipality to record the ordinance in order to make it effective. It is likewise possible that a zoning applicant may, like BIG in this case, perceive a benefit under current zoning law and thus have an interest in ensuring that an ordinance *never* becomes effective. But this creates a more complex scenario, as it may implicate the pending ordinance doctrine. *See Bd. of Supervisors of Greene Twp. v. Kuhl,* 112 Pa.Cmwlth. 624, 536 A.2d 836 (1988) (discussing pending ordinance doctrine).

**17.** 42 Pa.C.S. §§ 7531–7541.