**NORTHWEST WISSAHICKON CONSERVANCY, INC. and North Chestnut Hill Neighbors, Inc., Appellants**

v.

**PHILADELPHIA CITY PLANNING COMMISSION and Chestnut Hill College.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2013.
Decided March 5, 2013.

Henry L. Schirmer, Telford, for Appellants.

Jonathan S. Goldman and Peter F. Kelsen, Philadelphia, for appellee Chestnut Hill College.

Andrew S. Ross, Philadelphia, for appellee Philadelphia City Planning Commission.

BEFORE: McGINLEY, Judge, and LEADBETTER, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

These are consolidated appeals from orders of the Philadelphia County Court of Common Pleas dismissing two statutory appeals filed by appellants Northwest Wissahickon Conservancy, Inc. and North Chestnut Hill Neighbors, Inc. (Objectors) from approvals by the City of Philadelphia Planning Commission (Planning Commission) with respect to a Master Plan and Institutional Development District under Chapter 14–1100 of the Philadelphia Zoning Code (Zoning Code) in effect at the time.[1] Because the Court of Common Pleas correctly concluded that the Planning Commission approvals here are not appealable acts, we affirm.

Prior to 2011, Chestnut Hill College (College) purchased an adjacent property known as "Sugarloaf." On March 11, 2011, in accordance with Zoning Code § 14–1107(a), the College submitted to the Planning Commission a Master Plan for expansion of its campus and for rezoning its campus, including the Sugarloaf property, as an Institutional Development District. Objectors, organizations whose members live near the Sugarloaf property, opposed the College's Master Plan.

The Planning Commission is a City commission created by Section 3–800 of the Philadelphia Home Rule Charter (Home Rule Charter). Section 4–604 of the Home Rule Charter provides:

*The City Planning Commission shall make recommendations, to be transmitted to the Council through the Mayor, on all bills originating in the Council which shall in any manner affect any zoning ordinance,* the Physical Development Plan of the City, or the capital program, or which would authorize the acquisition or sale of City real estate. Unless such recommendations are received by the Council within 30 days from the date any such bill shall have been introduced, the approval of the Commission shall be presumed.

Home Rule Charter § 4–604 (emphasis added). Section 14–1107 of the Zoning Code provides:

(a) *No institutional development district shall be established unless at the time of the introduction of the ordinance therefor, the said ordinance is accompanied by a Development Plan as specified below, containing a recommendation from the City Planning Commission* with respect to the layout of the entire area, and a recommendation from the Department of Streets with respect to the traffic pattern plan, parking plan, and driveways.

Zoning Code § 14–1107(a) (emphasis added).

On April 19, 2011, the Planning Commission approved the College's Master Plan and submitted that approval to City Council. On April 28, 2011, Bill No. 110302, a proposed ordinance adopting the Master Plan as an Institutional Development District, was introduced in City Council. On May 17, 2011, the Planning Commission approved Bill No. 110377, another proposed ordinance that amended various sections of the Zoning Code with respect to

---

1. The City enacted a new zoning code effective August 22, 2012, after the events at issue here. The Zoning Code provisions applicable to these cases and discussed and quoted herein are the now-repealed Zoning Code in effect prior to August 22, 2012.

the College's Master Plan and Institutional Development District, and submitted that approval to City Council. City Council passed Bills Nos. 110302 and 110377 on June 16, 2011, and on June 22, 2011, the Mayor signed both ordinances into law.

On May 16, 2011, Objectors filed the first of the two statutory appeals at issue here, a Notice of Appeal in the Court of Common Pleas docketed at May Term 2011 No. 1780 (the May Appeal). The May Appeal appealed "from the decision of the Philadelphia Planning Commission made on April 19, 2011 to approve a Master Plan and submit it to City Council." (May Appeal Notice of Appeal.) On June 16, 2011, Objectors filed the second of these two statutory appeals, a Notice of Appeal in the Court of Common Pleas docketed at June Term 2011 No. 1258 (the June Appeal). The June Appeal appealed "from the decision of the Philadelphia Planning Commission of May 17, 2011 to approve and submit Zoning Bill No. 110377 to City Council." (June Appeal Notice of Appeal.) In the two appeals, Objectors sought to challenge the Planning Commission's approvals on the grounds that the Master Plan and proposed ordinance allegedly violate storm water controls governing the Wissahickon Watershed area and allegedly provide inadequate storm water mitigation measures. (Objectors' Memorandum of Law in Opposition to City's Motion to Quash May Appeal at 6–7, 13–14.) In June 2011, the College filed praecipes to intervene in both proceedings.

In November 2011, the City[2] and the College filed motions to quash both appeals on the ground that the Planning Commission's actions were not appealable because they were recommendations, not adjudications. On February 7, 2012, following briefing and oral argument, the Court of Common Pleas granted the motions to quash both appeals. On March 2 and 3, 2012, Objectors timely filed the instant appeals to this Court.

■ The only issue before us in this appeal is whether the Planning Commission's approvals of the College's Master Plan and proposed ordinance amending the Zoning Code are decisions that are appealable to a court of common pleas. Because the question of whether a court has subject matter jurisdiction is a question of law, our standard of review is *de novo* and the scope of our review is plenary. *Mazur v. Trinity Area School District*, 599 Pa. 232, 240, 961 A.2d 96, 101 (2008).

■ The Planning Commission's approvals can be appealable under the Local Agency Law only if they are "adjudications." 2 Pa.C.S. § 752; *Mazur*, 599 Pa. at 246, 961 A.2d at 104–05; *Ondek v. Allegheny County Council*, 860 A.2d 644, 648–49 (Pa.Cmwlth.2004). Section 752 of the Local Agency Law provides:

> Any person aggrieved by *an adjudication of a local agency* who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

2 Pa.C.S. § 752 (emphasis added). To constitute an "adjudication" under the Local Agency Law, the government action must be a *"final* order, decree, decision, determination or ruling by an agency af-

---

**2.** Although Objectors named the Planning Commission as the defendant in their notices of appeal and the Planning Commission is listed as appellee in the caption of these appeals, the City is the proper party, not the Planning Commission. *HSP Gaming, L.P. v. City Council for the City of Philadelphia*, 595 Pa. 508, 514 n. 4, 939 A.2d 273, 276 n. 4 (2007).

*fecting personal or property rights,* privileges, immunities, duties, liabilities or obligations...." 2 Pa.C.S. § 101 (emphasis added); *Ondek,* 860 A.2d at 648 (quoting 2 Pa.C.S. § 101) (emphasis added).

■ A decision of a planning commission that is the final action on an application or permit can be an agency adjudication appealable under the Local Agency Law. *Riverlife Task Force v. Planning Commission of the City of Pittsburgh,* 600 Pa. 378, 966 A.2d 551 (2009) (planning commission approval of project development plan application that was the final action on that application was appealable decision); *Bailey v. Zoning Board of Adjustment of the City of Philadelphia,* 742 A.2d 247 (Pa.Cmwlth.1999), *aff'd,* 569 Pa. 147, 801 A.2d 492 (2002) (Planning Commission approval of Master Plan modification without referral to City Council was appealable).

■ It is well established, however, that a planning commission approval or recommendation is *not* an adjudication and therefore is *not* appealable under the Local Agency Law, where the planning commission's action is not the final ruling on the matter and approval of the city council is required before the project can proceed. *In re Condemnation by the Urban Redevelopment Authority of Pittsburgh,* 527 Pa. 550, 556–558, 594 A.2d 1375, 1378 (1991) (planning commission's certification of blight did not constitute an adjudication under the Local Agency Law because it was "a preliminary or advisory matter" that "does not, in and of itself, have a *legal* effect on property rights" where further action of other government agencies was necessary before property rights were affected) (emphasis in original); *City Council of the City of Pittsburgh v. City of Pittsburgh,* 155 Pa.Cmwlth. 328, 625 A.2d 138, 143–44 (1993), *appeal granted but subsequently discontinued,* 540 Pa. 642, 659

A.2d 560 (1995) (action of planning commission on conditional use application is not adjudication appealable under the Local Agency Law because city council must approve or deny the application); *In re City of Scranton,* 132 Pa.Cmwlth. 175, 572 A.2d 250, 253 (1990) (planning commission certification of blight is not adjudication under the Local Agency Law because it has no effect on rights without further actions by redevelopment authority and city council); *Allegheny West Civic Council v. City Planning Commission of the City of Pittsburgh,* 80 Pa.Cmwlth. 64, 470 A.2d 1122, 1123 (1984) (planning commission recommendation that city council approve conditional use application is not adjudication appealable under the Local Agency Law because conditional use application must be approved by city council).

Here, the Planning Commission's approvals of the Master Plan and Bill No. 110377 were recommendations, not final approvals. Home Rule Charter §§ 2–307, 4–601, 4–604 (Planning Commission role in enactment of ordinances affecting zoning is to prepare and submit proposed ordinances to City Council and to provide recommendations to City Council); Zoning Code § 14–1107(a) (Planning Commission makes recommendations with respect to establishment of Institutional Development Districts). City Council's enactment of ordinances was required to establish the Institutional Development District set forth in the Master Plan and to amend the Zoning Code to allow it to proceed. Zoning Code § 14–1107 (Institutional Development Districts must be established by ordinance and all modifications must be approved by City Council); Home Rule Charter §§ 2–201, 2–202 (to become effective, ordinance must be enacted by City Council and either ordinance must be signed by Mayor or City Council must override Mayor's veto).

None of the cases relied on by Objectors support their contention that the Planning Commission approvals here are appealable. In *Bailey*, the Planning Commission's action on a Master Plan modification was appealable because the Planning Commission did not submit the modification to City Council and the Planning Commission's approval was therefore the final action on the modification. 742 A.2d at 249. Here, in contrast, Objectors admit that the Planning Commission's approvals were only recommendations and that City Council enactment was required for the Master Plan and Institutional Development District to have effect. (*See, e.g.,* Objectors' Memorandum of Law in Opposition of City Motion to Quash May Appeal at 10–11.)

Contrary to Objectors' contentions, neither *HSP Gaming, L.P. v. City Council for the City of Philadelphia*, 595 Pa. 508, 939 A.2d 273 (2007), nor *Philadelphia Entertainment & Development Partners, L.P. v. City Council for the City of Philadelphia*, 596 Pa. 422, 943 A.2d 955 (2008), suggests that recommendations or approvals submitted by the Planning Commission to City Council are appealable or constitute an adjudication or final decision. In *HSP Gaming* and *Philadelphia Entertainment & Development Partners*, the actions challenged were *City Council's* actions, City Council's deliberate refusal to act on bills to approve casino sites and development. The Court held that City Council's deliberate inaction constituted "a final order, determination or decision" under Section 1506 of the Pennsylvania Race Horse Development and Gaming Act, which was intended "to facilitate timely implementation of casino gaming," 4 Pa.C.S. § 1506, not that the Planning Commission's approvals were final decisions subject to court review. *Philadelphia Entertainment & Development Partners*, 596 Pa. at 438–40, 943 A.2d at 965–66; *HSP Gaming*, 595 Pa. at 521, 939 A.2d at 280. Indeed, no challenge was asserted in those cases to any action by the Planning Commission and the petitions in those cases would have been untimely with respect to the Planning Commission as they were filed more than 30 days after the Planning Commission's actions. *Philadelphia Entertainment & Development Partners*, 596 Pa. at 427–28, 943 A.2d at 958 (petition was filed on January 4, 2008, more than four months after Planning Commission's August 2007 approval); *HSP Gaming*, 595 Pa. at 513, 939 A.2d at 275 (petition was filed on October 25, 2007, five months after Planning Commission's May 2007 approval).[3] The significance of the Planning Commission's approval was "[t]he key date for measuring *Council's* action (or inaction)" and whether *City Council's* inaction constituted a final decision. *Philadelphia Entertainment & Development Partners*, 596 Pa. at 438, 943 A.2d at 965 (emphasis added).

■ The fact that the Planning Commission's actions are not adjudications does not insulate the approval of the Master Plan and Institutional Development District from judicial review. A city council's approval of a zoning application can constitute an administrative adjudication appealable under the Local Agency Law. *Klein v. Council of the City of Pittsburgh*, 164 Pa.Cmwlth. 521, 643 A.2d 1107, 1115–17 (1994); *City Council of the City of Pittsburgh*, 625 A.2d at 141 n. 2; *North Point Breeze Coalition v. City of Pittsburgh*, 60 Pa.Cmwlth. 298, 431 A.2d 398, 399–401 (1981). The instant appeals, however, are not appeals from the enactment of the ordinances or any actions by City

---

3. *See Riverlife Task Force*, 600 Pa. at 390, 966 A.2d at 558–59 (petition for review under 4 Pa.C.S. § 1506 must be filed within 30 days).

Council. Both Notices of Appeal at issue here specifically stated that they appealed from the Planning Commission's actions and named only the Planning Commission as defendant, not City Council. Indeed, no ordinance had become law at the time the appeals were filed.[4]

■ Objectors argue that the "pending ordinance doctrine" makes the Planning Commission's recommendations appealable because City Council's Rules Committee had voted out Bills Nos. 110302 and 110377 before the June Appeal was filed. That argument is without merit. The "pending ordinance doctrine" governs whether a proposed zoning ordinance applies to a building permit application filed before the ordinance was fully enacted, *Piper Group, Inc. v. Bedminster Township Board of Supervisors*, 612 Pa. 282, 286 n. 2, 300–01, 30 A.3d 1083, 1085 n. 2, 1094 (2011); *Casey v. Zoning Hearing Board of Warwick Township*, 459 Pa. 219, 225, 328 A.2d 464, 466–67 (1974), not whether government action is sufficiently final to be an appealable adjudication. Moreover, even if the doctrine had any effect on when an appeal can be filed, it would only apply to the appealability of City Council's actions and would not change the fact that the Planning Commission's approvals from which Objectors appealed were only recommendations to City Council, not actions that affected legal rights.

■ Objectors also argue that the Planning Commission's approvals are appealable under Section 17.1 of the First Class City Home Rule Act (Home Rule Act)[5] and Section 5571.1 of the Judicial Code.[6] Neither of these statutes provides a jurisdictional basis for these appeals.

Section 17.1 of the Home Rule Act provides:

> In addition to any aggrieved person, the governing body vested with legislative powers under any charter adopted pursuant to this act shall have *standing to appeal* any decision of a zoning hearing board or other board or commission created to regulate development within the city. As used in this section, the term "aggrieved person" does not include taxpayers of the city that are not detrimentally harmed by the decision of the zoning hearing board or other board or commission created to regulate development.

53 P.S. § 13131.1 (emphasis added). The sole purpose of this statute is to confer and restrict standing to appeal, not to expand or define what constitutes an appealable decision. *Spahn v. Zoning Board of Adjustment*, 602 Pa. 83, 100–01, 977 A.2d 1132, 1142–43 (2009); *Spahn v. Zoning Board of Adjustment*, 922 A.2d 24, 28 (Pa. Cmwlth.2007), *aff'd*, 602 Pa. 83, 977 A.2d 1132 (2009).

Section 5571.1 of the Judicial Code likewise does not create a separate basis for appeal or expand what constitutes an appealable governmental action.[7] Rather,

---

4. Objectors, in fact, filed a number of other appeals and lawsuits in the Philadelphia Zoning Board of Adjustment and Court of Common Pleas after City Council passed Bills Nos. 110302 and 110377 and those ordinances were signed into law by the Mayor. (Appellants' Brief at 10; College Brief at 3–4; City Brief at 4.) Those other appeals and lawsuits are not before this Court and are not affected by this opinion.

5. Act of April 21, 1949, P.L. 665, § 17.1 added by the Act of November 30, 2004, P.L.

1523, No. 193, § 2, *as amended*, 53 P.S. § 13131.1.

6. 42 Pa.C.S. § 5571.1.

7. The City and the College argue that Objectors did not sufficiently raise Section 5571.1 of the Judicial Code below and that their argument based on this statute is waived. Although the Court of Common Pleas did not address Section 5571.1, Objectors did raise

this statute imposes time limits, other limitations, burdens of proof, procedures and presumptions that apply to "any appeal raising questions relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision." 42 Pa.C.S. § 5571.1. *See Gladstone Partners, LP v. East Union Township*, 26 A.3d 542, 546–47 (Pa. Cmwlth.2011) (Section 5571.1 "embodies the legislative intent to promote the finality of enactment of ordinances"); *Bartkowski Investment Group, Inc. v. Board of Commissioners of Marple Township*, 18 A.3d 1259, 1263 (Pa.Cmwlth.2011) ("Section 5571.1 of the Judicial Code provides the method and standards for reviewing a party's challenges to the ordinance enactment process").

 Moreover, even if Section 5517.1 of the Judicial Code were held to create a separate basis for jurisdiction over the challenges to which it applies, it could not apply to the Planning Commission's approvals here because they are not an *"enactment or adoption* of any ordinance, resolution, map or similar action." 42 Pa.C.S. § 5571.1(a)(1) (emphasis added). Whether or not the Master Plan and the zoning bills approved by the Planning Commission may fall within the language "ordinance,

resolution, map or similar action," the Planning Commission's approvals are not an enactment or adoption because they are recommendations which have no effect unless City Council enacts the ordinances in question. It is City Council's actions, not the Planning Commission's approvals, that are an enactment or adoption.[8]

For the above reasons, we affirm the orders of the Court of Common Pleas dismissing Objectors' appeals.

### ORDER

AND NOW, this 5th day of March, 2013, the orders of February 7, 2012 of the Court of Common Pleas of Philadelphia County in May Term 2011 No. 1780 and June Term 2011 No. 1258 are AFFIRMED.

Section 5571.1 below in their Bench Brief filed in both cases and the City and the College discussed Section 5571.1 in their reply to Objectors' Bench Brief. (Objectors' Bench Brief in Opposition to Motions to Quash at 1; College and City Joint Reply to Objectors' Bench Brief at 2–3.) Therefore, while Objectors' argument based on Section 5571.1 of the Judicial Code is not meritorious, it was not waived.

8. In addition, Objectors' challenges to the Planning Commission's approvals appear to

be directed at the substance of the Master Plan and amendments of the Zoning Code, not at any deficiency in the procedures followed by the Planning Commission in making those approvals. Section 5571.1 applies only to procedural challenges and does not apply to challenges to the substance of a governmental action. 42 Pa.C.S. § 5571.1(a)(1); *Bartkowski Investment Group*, 18 A.3d at 1267. It therefore appears that Section 5571.1 could not apply to Objectors' appeals at all.