Pine Township Citizens' Association, Edmund Valentine, Trustee Ad Litem, David E. Graf, Edmund Valentine and Ruth Ward, Individuals *v.* Pine Township Board of Supervisors. Pine Township Citizens' Association, et al., Appellants.

Argued October 27, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

534

*Marvin A. Fein,* for appellants.

*David W. Craig,* with him *Sandra Beck Levine;
Baskin, Boreman, Wilner, Sachs, Gondelman & Craig;*
and *Richard L. Rosenzweig,* for appellees.

OPINION BY JUDGE ROGERS, December 14, 1976:

This is the appeal of the Pine Township Citizens' Association, an unincorporated association, and three persons who own real property in Pine Township, from an order of the Court of Common Pleas of Allegheny County sustaining a landowner's preliminary objections to some of the appellants' grounds for a zoning appeal filed below pursuant to Section 1003 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11003, which reads as follows:

Questions of an alleged defect in the process of enactment or adoption of any ordinance or map shall be raised by an appeal taken directly from the action of the governing body to the court filed not later than thirty days from the effective date of the ordinance or map.

The appellants' appeal is directed to Pine Township Ordinance No. 90 adopted by the Board of Supervisors on February 19, 1976. Ordinance No. 90 changed the zoning use regulations with respect to approximately 500 acres of land owned by the appellee, Oxford Development Company, with the effect that appellee was permitted to construct a shopping mall and other commercial buildings, as well as dwelling units, on its land.

The appellants' appeal raised nine objections, to all of which the appellee filed preliminary objections, contending that all described substantive, not procedural, defects. The court below dismissed the appellee's preliminary objections to three of the complaints and sustained the preliminary objections to six. The appellants do not complain of the court's action sustaining the preliminary objections as to three, and say now only that the court erred in sustaining the preliminary objections to the following three alleged defects "in the process of the enactment or adoption" of Ordinance No. 90:

(a) It [Ordinance 90] was enacted prior to the adoption of a comprehensive plan for Pine Township in violation of Sections 301, 302 and 303 of the MPC, 53 P.S. §10301 et seq.;

(b) It was enacted without consideration of the prescribed mandates under Article I, Section 27 of the Pennsylvania Constitution;

(c) It was enacted during the pendency of a curative amendment proceeding affecting the same subject property;[1]

We agree with the court below that the defects described in the three paragraphs above quoted are directed, not to the process of enactment or adoption

---

[1] This statement of alleged defects is copied from the appellants' brief and is an abbreviated version of the complaints made in the appeal.

of the ordinance, but to the power of the township to adopt the regulations contained in the ordinance and are, therefore, substantive. They relate moreover to matters completely extraneous to the process of enacting or adopting zoning amendments as described in and required by Sections 609, 610 and 611 of the MPC, 53 P.S. §§10609, 10610 and 10611. The lower court therefore decided the matter correctly.

The appellee has filed a motion to quash the appeal, with which we shall deal most briefly, because we have, as above demonstrated, decided the case on the merits. The appellee says that the appeal to this court was untimely filed because it is interlocutory and was taken more than twenty days after the entry of the order below. The docket entries in the court below show the date of the order, December 24, 1975, but not the date of the filing of the order. The original order certified to us bears a Prothonotary's filing stamp dated December 29, 1975. Of course, the date of filing with the Prothonotary would be the date of entry. See Stotsenburg v. Frost,    Pa.    , 348 A.2d 418 (1975).[2] The appeal was filed within twenty days from December 29, 1975 so that the motion to quash must be dismissed.

ORDER

AND Now, this 14th day of December, 1976, the appellee's motion to quash the appeal is dismissed; the order of the court below is affirmed; and the record is remanded for further proceedings with respect to the three alleged defects as to which the lower court dismissed preliminary objections.

---

[2] For appeals filed after July 1, 1976, see Pa. R.A.P. No. 301(a).