656 A.2d 529

BURRELL CONSTRUCTION & SUPPLY CO., Standard Terminals, Inc., Burrell Trucking, Inc., Burrell Industrial Supply Co., Continental Development Co., Penn Builders Supply Co., River Sand & Supply Co., Appellees,

v.

Glenn F. STRAUB, Spring Industries, Inc., Burrell Industries, Inc., d/b/a Burrell Industries, Ohio River Sand & Gravel, a #1 Concrete, and Tri-State Asphalt Corporation, Appellants.

BURRELL CONSTRUCTION & SUPPLY CO., Standard Terminals, Inc., Burrell Trucking, Inc., Burrell Industrial Supply Co., Continental Development Co., Penn Builders Supply Co., River Sand & Supply Co., Appellees,

v.

Glenn F. STRAUB, Spring Industries, Inc., Burrell Industries, Inc., d/b/a Burrell Industries, Ohio River Sand & Gravel, a #1 Concrete, and Tri-State Asphalt Corporation, Appellants.

Superior Court of Pennsylvania.

Argued Jan. 25, 1995.

Filed March 31, 1995.

Larry A. Zink, Canton, OH, for appellants.

Vincent P. Szeligo, Pittsburgh, for appellees.

Before ROWLEY, P.J., and McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Westmoreland County entering judgment against appellant and an appeal bond issuer in the amount of an appeal bond.

Appellant raises the following questions for review:

I. Whether the trial court erred, as a matter of law, in overruling appellant's Petition for Modification of the July 29, 1992 Final Decree with regard to the dollar amount Straub was to pay to fund the Escrow Agreement since an accord and satisfaction agreement liquidated Burrells' liability to the Fund?

II. Whether the trial court erred, as a matter of law, by entering judgment on the appeal bond in an amount in

excess of the original judgment amount and the amount affirmed by this court on appeal?

III. Whether the trial court erred, as a matter of law, in not granting the appeal bond issuer's petition to correct judgment?

IV. Whether the trial court erred in modifying the July 29, 1992 Final Decree to provide that payments were to be made directly to Burrell when there has been no judicial determination that withdrawal liability existed against Straub?

V. Whether the trial court erred in allowing the Western Pennsylvania Teamster's Fund to argue a position at the oral hearing when they did not file a petition to intervene?

Examination of the record reveals the following:

This appeal involves breach of contract claim brought by appellee, Burrell, et al., against appellant Straub, et al. On June 9, 1988, the appellee/sellers and appellant/buyers entered into a written agreement providing for the sale of appellees' highway construction business to appellants for $15 million.

At the closing, the parties renegotiated certain parts of the agreement. One modification was the reduction of the purchase price by $1 million on the condition that the appellant/buyers sign an escrow agreement. The buyers were to fund an escrow account, to be established at Mellon Bank, with $1 million. The $1 million was to be used to pay potential liability that appellees may incur as a result of their discontinuance of payments to the Western Pennsylvania Teamsters and Employers Pension Fund ("The Teamster's Fund").[1]

Appellant/buyers never established the escrow fund with Mellon Bank. As a result, appellee began making withdrawal liability payments to the Western Pennsylvania Teamsters

1. The Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1381 et seq. which amended the Employee Retirement Income Security Act ("ERISA") provides that employers who cease making payments to pension plans can be assessed "withdrawal liability," i.e. the withdrawing employer will be assessed payments under the MPPAA in order to fulfill funding requirements for a pension fund.

Fund to avoid any penalties that could be assessed against them under the MPPAA. On June 6, 1990, appellee brought an action requesting injunctive relief and damages because of appellants' alleged breach of the escrow agreement. Appellee's petition for a permanent injunction was denied, but the breach of contract claim remained along with a separate action, filed by appellee on September 10, 1990, seeking a declaratory judgment. These two actions were consolidated on November 1, 1990.

On July 29, 1992, Judge Daniel Ackerman, after a bench trial, found that appellants breached the escrow agreement. Judge Ackerman ordered appellants to pay $1 million to Mellon Bank to fund the escrow account and required Mellon Bank to pay plaintiffs the sum of $179,552.49 (the amount of withdrawal liability appellees had paid to the Teamster's Fund prior to bringing suit against appellants). Mellon Bank was also ordered to pay any future withdrawal liability from the escrow account to the Teamster's Fund.

In August 1992, appellant secured an appeal bond in the amount of $1.2 million pending their appeal to this court. This bond was issued by Ohio Farmers Insurance Company ("Ohio Farmers"). On July 22, 1993, we filed our memorandum opinion (No.'s 1417 and 1418 Pittsburgh 1992, *"Burrell I"*) wherein we affirmed the judgment of the trial court. We held that appellant's failure to fund the escrow agreement was a breach of contract that caused damages to appellees. Specifically, we stated:

> ... [W]e would also affirm the judgment entered in favor of appellees on the basis that the breach of the escrow agreement by [appellant] Straub was the sole cause of the imposition of withdrawal liability upon appellee Burrell ... (Sup.Ct. Opinion, Nos. 1417 and 1418 PBG 1992, July 22, 1992, at 6) ... The escrow agreement at issue herein, which appellant Straub insisted at trial he did not fund only because he knew that appellee would not have any withdrawal liability so long as Straub continued to employ the same individuals and contribute to the respective Plans, was designed to permit appellee to avoid all withdrawal liability

pursuant to the exception created by Section 4204 [of the MPPAA] (*Id.* at 8) . . .

Thus, the failure of appellant Straub to fund the escrow account as required by the asset purchase and escrow agreements was a breach of contract which caused damage to appellee. (Footnote omitted). The trial court, therefore, properly ordered Straub to fund the escrow and properly directed the trustee, Mellon Bank, to pay any withdrawal liabilities imposed by the respective Plans since those liabilities were the direct result of appellant's deliberate breach of the terms of the escrow agreement. (*Id.* at 11).

Subsequently, we denied appellant's petition for reargument and our supreme court denied allocatur.

Appellee then filed a petition to enter judgment on the amount of the appeal bond. A hearing was held on this motion, and appellee presented evidence that established that the potential withdrawal liability could be greater than the amount of the appeal bond. Counsel for the Teamster's Fund, Mr. Vincent Szeligo, was present at this hearing, and he presented the court with evidence as to how the possible liability could be in excess of the amount of the appeal bond. Appellant objected to the Teamster's Fund being present because it had not filed a motion to intervene. Judge Ackerman found that Mr. Szeligo's testimony was useful in establishing the amount of potential liability. Moreover, he found that the Teamster's Fund was not seeking to protect any interest, making a motion for intervention unnecessary.

Judge Ackerman granted appellee's motion and filed an order entering judgment in the amount of the appeal bond on April 29, 1994. This order entered judgment in favor of appellee against both appellant and Ohio Farmers. The order also entered judgment in favor of Ohio Farmers against appellant but conditioned the judgment in favor of Ohio Farmers upon Ohio Farmers paying an amount of money directly to appellee and funding the escrow account with the remainder of the money. Appellant filed a notice of appeal to this court on May 26, 1994, but never filed a petition to reconsider the April

29, 1994, judgment. Ohio Farmers filed a petition to correct judgment on June 29, 1994. Judge Ackerman filed his Rule 1925 opinion on this same day.

█ Appellant's first allegation of error is that the trial court erred in denying his petition for modification of the July 29, 1992, final decree because an agreement for withdrawal liability between appellee and the Teamster's Fund was an accord and satisfaction. We disagree.

"The doctrine of the 'law of the case' provides that where an appellate court has considered and decided a question on appeal, that court will not, in a subsequent appeal of another phase of the same case, reconsider its previous ruling." *Syno v. Syno*, 406 Pa.Super. 218, 229, 594 A.2d 307, 313 (1991), *citing Roskwitalski v. Reiss*, 338 Pa.Super. 85, 487 A.2d 864 (1985), *appeal denied* 514 Pa. 619, 521 A.2d 933 (1986).

Here, our prior decision in *Burrell I*, clearly determined the same issue that appellant is now asserting. The trial court correctly stated that, despite all the complexities, this was basically a breach of contract action in which appellant had failed to fund an escrow as required by the terms of the agreement. Appellant is once again asking us to determine that it is not required to fund an escrow account for potential withdrawal liability that appellee may incur. However, appellant is attempting to have us revisit the issue by claiming that an accord and satisfaction had occurred between appellee and the Teamster's Fund which released it from liability. Appellant has recharacterized the issue in an attempt to have this court reconsider our prior holding. Such a strategy will not merit review. *See, Commonwealth v. Tick*, 431 Pa. 420, 246 A.2d 424 (1968) (holding that issues raised in a prior appeal, even though couched in different terms, does not preclude application of the law of the case doctrine).

█ Appellant next contends that the trial court erred, as a matter of law, by entering judgment on the appeal bond in an amount in excess of the original judgment amount. We disagree.

Pa.R.A.P. 1731 provides:

[A]n appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon the filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount found due by the lower court and remaining unpaid ...

Pa.R.A.P., Rule 1731, 42 Pa.C.S.A.

Pa.R.A.P. 1751 establishes the proper form for an appeal bond and requires that a bond should provide that appellant will be liable for costs, interest and damages for delay that may be awarded. Pa.R.A.P., Rule 1751, 42 Pa.C.S.A. A court may enter judgment in the amount of an appeal bond if appellant is not successful on appeal. *Mountain City Savings & Loan v. Bell,* 413 Pa. 67, 197 A.2d 608 (1963).[2]

Instantly, the trial court considered extensive evidence in determining that it was proper to enter judgment in the amount of the appeal bond. Appellee established, at the April 29, 1994, hearing that the amount of liability could potentially be in excess of the $1.2 million bond that was posted because of interest, penalties and attorney's fees. Also, the appeal bond issued by Ohio Farmers provided that damages for delay and interest could be assessed against appellant as provided for by Pa.R.A.P. 1751. The trial judge could properly enter judgment in the amount of the appeal bond. *Bell, supra.*

■ Next, appellant contends that the trial court erred as a matter of law for failing to correct the judgment entered against appellant in favor of Ohio Farmers on April 29, 1994. We disagree.

A court can modify one of its orders as provided by 42 Pa.C.S.A. § 5505:

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior

2. *Bell* was decided under 12 P.S. § 1149 (1953), the precursor to Pa.R.A.P. 1731(a). This rule provided that an appeal bond in the amount of 200% of the judgment had to be posted.

termination of any term of court, if no appeal from such has been taken or allowed.

42 Pa.C.S.A. § 5505.

■ Reconsideration, by the trial court, of an order which is the subject of an appeal, can be granted only when "an application for reconsideration of the order is filed in the trial court ... within the time provided or prescribed by law ...." Pa.R.A.P. No. 1701(b)(3). An order is considered entered on the date that the order is filed with the prothonotary. *Vanleer v. Lerner*, 384 Pa.Super. 558, 559 A.2d 577 (1989), *citing Pine Township Citizen's Association v. Pine Township Board of Supervisors*, 27 Pa.Cmwlth. 533, 367 A.2d 740 (1976).

Here, the order entering judgment on the appeal bond, against both appellee and Ohio Farmers, was filed on April 29, 1994. Ohio Farmers did not file a petition to correct the judgment until June 29, 1994, which was well after the thirty day period prescribed by 42 Pa.C.S.A. § 5505. Additionally, appellant never filed a petition to correct the judgment and Ohio Farmers never filed an appeal from the order entering judgment on the bond. Thus, appellant improperly contends that the lower court should have modified its judgment after the expiration of the applicable statutory period. This claim is without merit.

■ Appellant's fourth allegation of error is that the trial court erred in modifying the July 29, 1992, final decree to provide that payments were to be made directly to appellee. Appellant has failed to cite any legal authority in support of this contention. Our Rules of Appellate Procedure require that "[t]he argument shall be ... followed by such discussion and citation of authorities as are deemed pertinent." Pa. R.A.P. 2119(a); *Nimick v. Shuty*, 440 Pa.Super. 87, 99, 655 A.2d 132, 138 (1995). Arguments that are not properly developed are waived. *Id.* (citation omitted).

Here, appellant simply gives a rambling discourse as to why payments should not have been made directly to appellee. There is no citation of legal authority and no proper development of the argument. Accordingly, this argument is waived.

■ Appellant's final allegation of error is that the trial court erred in allowing the Teamster's Fund, a non-party, to argue a position at the hearing to enter judgment on the appeal bond when the Teamster's Fund was not a party.

■ Evidence is admissible when it is relevant to a fact sought to be proved. *Reuter v. Citizens & Northern Bank,* 410 Pa.Super. 199, 599 A.2d 673 (1991), *citing Martin v. Soblotney,* 502 Pa. 418, 422, 466 A.2d 1022, 1024 (1983). Relevant evidence is evidence that tends to establish facts in issue or advances the inquiry resulting in the evidence having probative value. *Id.* 599 A.2d at 681, *citing Whistler Sportswear, Inc. v. Rullo,* 289 Pa.Super. 230, 243, 433 A.2d 40, 47 (1981). Relevant evidence will be excluded when its probative value is outweighed by the danger of unfair prejudice or confusion. *Id.*

Here, counsel for the Teamster's Fund presented evidence that made it highly likely that potential liability may be in excess of the amount of the appeal bond. Judge Ackerman determined that this testimony would assist him in making his determination as to whether judgment should be entered in the full amount of the appeal bond. Because this evidence assisted the Judge Ackerman in making his determination, it was properly admitted.

Appellant erroneously contends that Pennsylvania Rules of Civil Procedure pertaining to intervention of parties are applicable to this case. Pa.R.Civ.P. 2327 and Pa.R.Civ.P. 2328 provide that a non-party may intervene in action if they may be affected by the judgment in the action in which they wish to intervene and file an appropriate petition with the court. Pa.R.C.P. Nos. 2327, 2328, 42 Pa.C.S.A.

Instantly, appellant contends that counsel for the Teamster's Fund was improperly allowed to present testimony at the hearing on appellee's petition to enter judgment on the appeal bond because the Teamster's Fund had not filed a petition to intervene. The Teamster's Fund was not seeking to intervene but instead was only informing Judge Ackerman as to how appellee's potential liability could be in excess of the

amount of the appeal bond. Judge Ackerman properly stated that the Teamster's Fund was not attempting to protect any interest. Thus, a motion to intervene was unnecessary. Accordingly, the lower court did not err in allowing the Teamster's Fund to provide testimony at the hearing to enter judgment on the appeal bond.

Order affirmed.