**Jo–Anne Orent HALPERN, Appellee**

v.

**M. David HALPERN, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 28, 2007.

Filed June 7, 2007.

David S. Pollack, Pittsburgh, for appellant.

Jo–Anne O. Halpern, Pro Se, appellee.

BEFORE: MUSMANNO, BOWES, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 M. David Halpern ("Husband") appeals the trial court's Order finding that the Consent Order terminating Husband's duty to pay alimony to JoAnne Orent Halpern ("Wife") was of no legal effect because it was not properly filed of record. In support of his appeal, Husband argues that the trial court erred in the manner in which it defined "entry" as used in 42 Pa.C.S. section 5505 and when it found that the Consent Order was of no legal effect. Husband also argues that the trial court erred when it failed to grant his preliminary objections in the nature of a demurrer to Wife's Petition to Rescind. After review and study we find that none of Husband's alleged errors require reversal. Consequently, we affirm the trial court's Order.

¶ 2 This case has a long procedural and factual history, the relevant portions of which follow. Husband and Wife were divorced in September of 1995. The parties entered into an agreement in which Husband agreed, *inter alia,* to pay Wife the sum of $2000.00/month until 1996 and after that date Husband would pay Wife the sum of $1800.00/month as alimony. Wife subsequently petitioned for an increase in her alimony in 1997, which the trial court granted.

¶ 3 Following the divorce, Wife's health began to deteriorate significantly and she was eventually diagnosed with Systemic Lupus Erythematosus in addition to other

health issues. Wife was hospitalized in December of 2004 and shortly thereafter she began residing in the Allegheny Lutheran Home in Hollidaysburg where she would receive full time care and assistance. In February of 2005, Wife completed a power of attorney, naming her son, Hugh Halpern ("Son") as her attorney in fact.

¶ 4 On April 11, 2005, Husband and Son, acting under Son's Power of Attorney, entered into the Consent Order which terminated Husband's alimony obligation to Wife. Although the Consent Order was signed by Husband, Son, and the trial court, it was not docketed or otherwise entered by the prothonotary. Initially, Wife was unaware that Husband and Son entered into the Consent Order. Wife learned of Husband and Son's agreement on July 8, 2005, after Wife demanded an accounting of her funds.

¶ 5 On August 19, 2005, Wife, proceeding *pro se*, filed a petition to rescind the Consent Order dated April 11, 2005. Husband responded by filing preliminary objections in the nature of a demurrer, alleging that the petition was filed more than 30 days after the execution of the Order. Husband raised other alleged defects with Wife's pleading. The trial court held oral arguments on Wife's Petition and Husband's Preliminary Objections on February 13, 2006.

¶ 6 Following oral argument, the trial court found that because the Consent Order was not filed with the prothonotary, it did not have any legal effect. Thus, the trial court concluded that because the Consent Order had no legal effect, Wife's petition to rescind that order was moot.

¶ 7 Husband appealed from the trial court's Order and sets forth the following questions for our review:

A. [Whether] [t]he trial court committed an error of law in holding [that the] time period during which a par-

ty may rescind a consent order of court under 42 Pa.C.S.A. § 5505 cannot begin to run until the order of court is stamped by the prothonotary, regardless of both parties' actual notice of said order prior to thirty days before a party's filing of a petition to rescind said order of court[?]

B. [Whether] [t]he trial court erred in holding that "the consent order of [the trial court] dated April 11, 2005[was] of no legal effect [?]"

C. [Whether] [t]he trial court erred in failing to grant Appellant's preliminary objections in the nature of a demurrer to Appellee's petition to rescind order dated April 11, 2005 where Appellee's petition failed to state a claim upon which relief may be granted[?]

Brief for Appellant at 8 (capitalization removed to improve readability).

¶ 8 We will not disturb a trial court's decision regarding preliminary objections in the nature of a demurrer absent an abuse of discretion or an error of law. *See DeFazio v. Gregory*, 836 A.2d 935, 937 (Pa.Super.2003). Further, this Court will not decide a moot question. *See In re Gross*, 476 Pa. 203, 382 A.2d 116, 119 (1978). In this case, the trial court found that because the Order to which Wife objected was never filed, the time limit as set forth in 42 Pa.C.S. section 5505 did not begin to run. Trial Court Opinion ("T.C.O.") 03/30/06, at 2 (unnumbered). The Court further reasoned that because the Consent Order was not filed, it was of no legal effect and Wife's petition was moot. T.C.O., 03/30/06, at 3.

¶ 9 In support of his first question, Husband argues that the trial court erred when it found that the thirty-day period during which a party may rescind a con-

sent order does not begin to run until it has been "stamped by the prothonotary[.]" Brief for Appellant at 15. Pursuant to section 5505:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505. Husband argues that section 5505 does not require such a strict construction of the term "entry." Brief for Appellant at 17. Although Husband argues that the term "entry" does not require the Order to be entered with the prothonotary, the single case he cites, *Pennsylvania Dental Ass'n v. Com. Ins. Dept.*, 512 Pa. 217, 516 A.2d 647 (1986), is not analogous. In *Pennsylvania Dental Association*, the department denied the Dental Association's attempt to intervene in an administrative hearing. *See id.* at 650. Our Supreme Court specifically found that under the circumstances of that case, namely where an oral request to intervene was made during an informal, legislative type hearing, and was denied by the hearing officer in a public hearing at which a stenographic record was kept, a written order regarding the motion to intervene was neither required nor expected. *See id.* at 655. Accordingly, the absence of a stamped, docketed order was not significant. This case, however, presents an entirely different set of circumstances. The Order in this case, which terminated Wife's alimony, was signed by Husband, Son, and the trial court. Further, at the time the Order was signed, Wife was not aware of the fact that her Son, acting via his power of attorney, agreed with Husband to terminate Wife's right to alimony.

¶ 10 A review of relevant case law makes it clear that the trial court in this case did not err when it found that the Order, which was neither docketed nor filed with the prothonotary, was not entered as required by section 5505. Indeed, an order is not entered until it is filed with the prothonotary. *See Vanleer v. Lerner*, 384 Pa.Super. 558, 559 A.2d 577, 578 (1989); *see also Frazier v. City of Philadelphia*, 557 Pa. 618, 735 A.2d 113, 115 (1999); *Burrell Constr. & Supply Co. v. Straub*, 440 Pa.Super. 596, 656 A.2d 529, 533 (1995); *Clinger v. Tilley*, 423 Pa.Super. 121, 620 A.2d 529, 531 (1993); *Pine Township Citizens' Ass'n v. Pine Township Bd. of Supervisors*, 27 Pa.Cmwlth. 533, 367 A.2d 740, 742 (1976). It is undisputed that the Consent Order was not filed with the prothonotary in this case, nor was it entered on the docket. Thus, under the law of this Commonwealth,

> The date of entry of an order in a matter subject to the Rules of Civil Procedure is the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by the Rules. Thus, until an order is filed with the prothonotary, and the prothonotary notes in the docket that written notice of entry has been given, an order is not considered to have been entered.

3 Standard Pa. Practice 2d § 15:62 (footnotes omitted). Thus, to the extent that Husband argues that the trial court erred in finding that the Order was not properly entered, we disagree and find that the trial court did not abuse its discretion or make an error of law when it so found.

¶ 11 Husband next argues that even if the Order was not properly entered, Wife waived her right "to complain of this procedural abnormality" because Wife has already filed a petition to open. Brief for Appellant at 18. We note that Wife filed a petition to rescind, not a petition to open. Moreover, what Husband fails to recognize

is that in this case, the trial court found that the Order, which was never properly entered, was of no legal effect. T.C.O., 03/30/06, at 3. As such, the trial court found that Wife's petition to rescind was moot as were Husband's preliminary objections to that petition. T.C.O., 03/30/06, at 3. Although Husband argues that the filing of a petition to open results in a waiver of any errors made regarding entry of the judgment, the judgment was never entered.

¶ 12 Husband then argues that even if Wife's petition were considered a petition to rescind, she filed her petition more than 30 days after the Order was filed and thus, Wife must show "extraordinary cause" in order for the trial court to vacate the Order. Brief for Appellant at 21. Husband's argument on this ground is without merit. As we discussed *infra*, the Order was not filed with the prothonotary and was not entered on the docket. Thus, the Order has not been entered. As such, Husband's arguments premised on the fact that Wife's petition was filed 30 days after the Order was entered are without merit.

¶ 13 In support of his second question, Husband argues that the trial court erred in finding that the Consent Order was of no legal effect. Brief for Appellant at 23. Specifically, Husband argues that the fact that the Order was not properly filed or entered is of no consequence. Brief for Appellant at 24. He argues that this is especially true where, as here, all parties had notice of the order and the order is a consent agreement between the parties. Brief for Appellant at 24. Husband then goes on to argue that neither the trial court nor this Court have power to rescind the Order for equitable reasons because it "was executed for adequate consideration, because more than thirty days had passed before the filing of Wife's petition, and because Wife has not alleged facts, the

confirmation of which would furnish 'clear proof of fraud.'" Brief for Appellant at 26.

¶ 14 Husband's arguments miss the mark in this case. The trial court did not modify or rescind the Consent Order at issue in this case. Rather the trial court found that because the Order was not properly filed it was of no legal effect— stated another way, because the Order was never entered, there was no Order which could be modified or rescinded. Husband cites to a number of cases which discuss the fact that a consent order cannot be modified by this Court, but neither of those cases, *Laird v. Clearfield & Mahoning Ry. Co.*, 846 A.2d 118 (Pa.Super.2004) *rev'd* 916 A.2d 1091 (Pa.2007) and *Cioffi v. Cioffi*, 885 A.2d 45 (Pa.Super.2005), involve a consent order that was not properly entered.

¶ 15 Husband does not fully address the trial court's finding that the Consent Order had no legal effect because it was not properly entered. He cites to only a single case, *Pennsylvania Dental Association*, in support of his argument that "the mere fact that an Order of Court has not been docketed does not nullify the effect of the order itself." Brief for Appellant at 23–24. As this Court has already reviewed that case, and found it entirely distinguishable from the facts before this Court, Husband has failed to show that the trial court erred in finding that Order was of no legal effect. *See Miller v. Miller*, 744 A.2d 778, 788 (Pa.Super.1999) (holding that on appeal, the appellant bears the burden of persuasion to demonstrate entitlement to the requested relief). Husband has failed to show that the trial court erred when it found that the Order which was not entered had no legal effect.

¶ 16 In his third question, Husband argues that the trial court erred in failing to grant his preliminary objections in the na-

ture of a demurrer because Wife's "petition failed to state a claim upon which relief may be granted." Brief for Appellant at 27. However, based upon our holding that Husband failed to demonstrate that the trial court erred when it found that the Order was of no legal effect, the issue of whether Wife's petition to rescind states a claim upon which relief could be granted is moot.

¶ 17 For all the foregoing reasons,

¶ 18 Order **AFFIRMED.**