IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karl Smith, Betty Butler      :
and Mark Butler,              :
              Appellants      :
                         :
                    v.      :
                         :
Board of Supervisors of      :
West Pennsboro Township      :   No. 873 C.D. 2017
and Allen Distribution       :   Argued: September 14, 2018


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: December 19, 2018


        Karl Smith, Betty Butler and Mark Butler (collectively, Objectors) appeal from the May 26, 2017 order of the Court of Common Pleas of Cumberland County (trial court) which: (1) denied Allen Distribution's (Allen) motion to dismiss Objectors' land use appeal; and (2) denied Objectors' land use appeal seeking the invalidation of West Pennsboro Township (Township) Ordinance 2016-02 (Ordinance 2) and Ordinance 2016-04 (Ordinance 4).

        Objectors' appeal concerns a procedural challenge to the adoption of Ordinance 2 and Ordinance 4, which rezoned two properties (subject property) in the Township from residential to industrial. Allen is the equitable owner of the subject property. On March 21, 2016, Allen submitted an application to rezone the subject property with the ultimate goal of constructing a logistics center on the

property. Trial Court Opinion at 2. The Township's Board of Supervisors (Board) referred the application to the Cumberland County Planning Commission (CCPC), the Western Cumberland County Council of Governments (WCCCG), and the Township Planning Commission. *Id.* The CCPC and WCCCG recommended approval of the proposed rezoning; the Township Planning Commission remained neutral. *Id.*

Subsequently, the Board scheduled a public hearing for May 25, 2016 regarding the proposed changes to the zoning map. Notice of the hearing was advertised on May 4 and May 11 by publication in *The Sentinel*, a newspaper of general circulation in the Borough of Carlisle. Reproduced Record (R.R.) at 54a. The public meeting was attended by approximately one hundred individuals and lasted over three hours. *See* R.R. at 58a, 60a, 185a & 187a-91a. At the hearing, Allen made a presentation in support of the proposed changes to the zoning ordinance and introduced the expert testimony of multiple witnesses. Trial Court Opinion at 2. Objectors attended with privately retained counsel and actively participated in the hearing, presenting both legal argument and expert testimony. *Id.* Numerous members of the audience offered comment on the proposed zoning changes. *See id.*; R.R. at 60a. Finally, before the close of the hearing, the Board asked the remaining audience members for comment, but all declined. Trial Court Opinion at 2-3; *see* R.R. at 181a. The Board then continued the hearing in order to continue its deliberation and stated "[t]he Board will not take any action, at this time, so that they [sic] can review the information that's been presented." R.R. at 184a; *see also* Trial Court Opinion at 3.

Notice of the continued hearing was advertised on June 8 and June 15 in *The Sentinel*, and the public hearing reconvened at the beginning of the Board's

2

meeting on June 27, 2016. *See* R.R. at 55a & 193a. Immediately after the continued hearing was called to order, Board Chairman Gerald A. Barrick read into the record a prepared statement explaining the various concerns that the Board must consider in rendering its decision on the rezoning request. *See* Trial Court Opinion at 3; R.R. at 193a-96a. The statement included a recitation of the relevant evidence presented during the earlier portion of the continued hearing, including concerns voiced by the public. *See* Trial Court Opinion at 3; R.R. at 193a-96a. Chairman Barrick also noted the competing considerations and the benefits and impacts that the Board must always consider when making a land use decision. Trial Court Opinion at 3. Ultimately, he stated:

> Therefore, after considering all of the evidence-both for and against the property rezoning, I move that ... the rezoning request be approved and an ordinance be drafted amending the West Pennsboro Township Official Zoning Map.

R.R. at 195a. No additional public comment was taken during the continued hearing. *See* R.R. at 193a-96a. The Board voted unanimously to authorize the advertisement of Ordinance 2, which would rezone the subject property. R.R. at 195a. The hearing was then adjourned. R.R. at 196a. Subsequently, the complete text of Ordinance 2 was advertised along with notice of the next public meeting where the Board would consider enactment of the ordinance. Trial Court Opinion at 3; *see* R.R. at 56a-57a.

At the advertised July 25, 2016 meeting, the Board permitted public comment regarding Ordinance 2. Trial Court Opinion at 3; *see* R.R. at 202a-05a. Objector Karl Smith (Smith) was present, with Counsel, and actively participated in the meeting. Trial Court Opinion; *see* R.R. at 202a-06a. After hearing all public comment, the Board voted unanimously to adopt Ordinance 2, rezoning the subject

3

property.  Trial Court Opinion; *see* R.R. at 202a-03a.  The Ordinance was effective five days after enactment.  R.R. at 208a-09a.

On August 24, 2016, within 30 days of the effective date of Ordinance 2, Smith filed an appeal with the trial court, alleging procedural errors with respect to the adoption of Ordinance 2, and Allen intervened in the appeal.  *See* Trial Court Opinion at 4.  On September 26, 2016, while the appeal was pending before the trial court, Allen made a request to the Board at a public meeting that the Board conduct a new hearing, citing Smith's procedural challenge, so the Board could adopt the requested zoning amendment.[1]  R.R. at 216a-17a; *see* Trial Court Opinion at 4.  Notice was published for a public hearing "on the reconsideration of approval" given by the Board on the adoption of Ordinance 2.  R.R. at 222a-24a.  The notice stated that the Board would consider all documents and statements previously submitted.  R.R. at 223a.  The Board held the public hearing to reconsider the approval of Ordinance 2 on October 24, 2016.  R.R. at 225a.  By reference, the Board incorporated all testimony and documents offered at prior hearings on Ordinance 2 into the record.  R.R. at 228a-29a.  Objectors were present with counsel and actively participated in the hearing.  Trial Court Opinion at 4; *see* R.R. at 225a-27a.  In all, twenty-two individuals provided testimony to the Board.  Trial Court Opinion at 4.  Allen relied on its previous presentation, which the Board incorporated into the record.  *Id.*  Smith questioned whether the discussion at the meeting was on the

---

[1] The Board's Solicitor advised the Board that holding another public hearing on the rezoning request could do no harm and could serve to satisfy the objections of some of the residents that there was insufficient time for them to be heard or to prepare properly for the previous hearings.  Board Minutes 9/26/16, R.R. at 217a.  He further advised that the Board, subsequent to the additional hearing or hearings, could vote to re-approve the request and re-advertise adoption of the ordinance changing the zoning map, or could vote to reverse its prior decision and approve an ordinance repealing Ordinance 2.  *Id.*  The Board decided to proceed with the October 24, 2016 public hearing as scheduled.  *Id.*

appealed Ordinance 2, and the Chairman confirmed that it was. R.R. at 243a. The Township Solicitor stated that the ordinance number was not the issue, and that if the Board decided to rescind the prior action, it could take appropriate action at its regular meeting. R.R. at 243a. The Solicitor further explained that if the Board still supported the rezoning, then it would authorize the advertising of a new ordinance with a new number, but that the ordinance would "do the same thing . . . in a sense reaffirming what [the Board] previously did." R.R. at 243a. The Board then permitted public comment. R.R. at 245a-46a. No action was taken to reverse or otherwise rescind the Board's prior approval of Ordinance 2.

Subsequently, notice was published that the Board would consider enactment of Ordinance 4. R.R. at 310a-12a. The notice included the full text of the proposed Ordinance 4; the notice did not mention Ordinance 2 or that the Board would consider any previously submitted documents or statements. *See id.* The Board then convened a meeting on November 21, 2016, at which it permitted public comment and approved Ordinance 4. R.R. at 314a & 316a. *On November 22, 2016, Smith filed a Praecipe to Discontinue his procedural challenge to Ordinance 2*. R.R. at 6a.

On December 19, 2016, Objectors filed an appeal with the trial court, seeking to invalidate Ordinance 2 and Ordinance 4. R.R. at 2a & 14a. Allen intervened and moved to dismiss the appeal as it pertained to Ordinance 2, alleging that it was untimely. *See* R.R. at 18a-19a. The trial court directed the parties to brief the merits of the appeal, as well as the motion to dismiss, and scheduled oral argument. Subsequently, the trial court entered the following order:

(1) the Motion to Dismiss is DENIED;

(2) the Land Use Appeal seeking the invalidation of Ordinance 2016-02 and 2016-04 is DENIED as the Township complied with the notice requirements of the Municipalities Planning Code[][2] and permitted substantial public comment prior to the enactment of the Ordinances such that neither environmental due process[] nor the Sunshine Act were violated.

Trial Court Order 5/26/17, R.R. at 324a-25a (footnotes omitted). Objectors now appeal to this Court.[3]

Before this Court, Objectors argue that the trial court erred in determining that there were not procedural violations in the adoption of Ordinance 2 and Ordinance 4. Objectors argue there are three primary procedural violations: (1) insufficient public notice prior to the first hearing on May 25, 2016 in violation of the Pennsylvania Municipalities Planning Code (MPC) and the Township's Zoning Ordinance; (2) a violation of the Sunshine Act[4] for failure to receive public comment at the June 27, 2016 advertised special hearing on the proposed amendment; and (3) a violation of the MPC due to the Township's failure to submit Ordinance 4 to the planning agencies. Objectors' Brief at 8. Objectors maintain that each violation is sufficient to render the ordinance amendments void *ab initio*. Objectors also argue that, in adopting the Ordinances, the Board violated environmental due process under Article I, Section 27 of the Pennsylvania Constitution.

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101 – 11202.

[3] Our review of a land use appeal when the original action is filed with the trial court is limited to a determination of whether the trial court abused its discretion, committed an error of law, or made findings not supported by substantial evidence. *Kohr v. Lower Windsor Twp. Bd. of Supervisors*, 867 A.2d 755, 757 n.3 (Pa. Cmwlth. 2005).

[4] 65 Pa. C.S. §§ 701 – 716.

6

Allen responds that there was substantial compliance with the procedural requirements. Therefore, the ordinance amendments are not void.[5]

We now turn to Objectors' challenges to the enactment of Ordinance 2 and Ordinance 4. Before addressing the merits of Objectors' arguments, however, we point out that Ordinance 2 and Ordinance 4 are identical except for their names. *See* R.R. at 208a-09a & 319a-20a. In fact, Objectors admit that Ordinance 4 is identical to Ordinance 2, except it is numbered differently. Objectors' Brief at 42. Consequently, if this Court determines that the enactment of Ordinance 2 stands, then the Township's zoning map is amended so that the subject property is rezoned industrial. As a result, Ordinance 4 would alter nothing, regardless of whether Ordinance 4 stands. Indeed, Objectors conceded at oral argument that if Ordinance 2 stands, the challenges and objections to Ordinance 4 become moot.[6]

After review, we ultimately conclude that each of Objectors' challenges to Ordinance 2 fail and Ordinance 2 stands; therefore, we need not address Objectors' challenges to Ordinance 4. Accordingly, we limit our discussion to Objectors' challenges to Ordinance 2.[7]

---

[5] The Board was precluded from filing a brief or participating in oral argument before this Court because the Board failed to file a brief pursuant to this Court's April 5, 2018 order. 5/8/18 Order.

[6] *See Luzerne Cty. Children & Youth Servs. v. Dep't of Pub. Welfare*, 826 A.2d 84, 86 (Pa. Cmwlth. 2003) (stating that an issue is moot if, in ruling upon the issue, a court cannot enter an order that has any legal force or effect).

[7] All of Objectors' challenges apply to both Ordinance 2 and Ordinance 4, except for Objectors' challenge that the enactment of Ordinance 4 failed to comply with Section 609 of the MPC, 53 P.S. § 10609, which Objectors contend requires that proposed zoning amendments be referred to the planning body before enactment. Objectors argue that prior to the enactment of Ordinance 4, the proposed amendment should have been referred to the County Planning Agency, the Township Planning Commission and the WCCCG. Objectors' Brief at 39-40, 42. However, because, as stated, we ultimately conclude that Ordinance 2 stands, we need not address this challenge to Ordinance 4 as it is, effectively, moot.

7

### I. Environmental Due Process

Objectors argue that the trial court erred in concluding that no violation of environmental due process under Article I, Section 27 of the Pennsylvania Constitution occurred in the Township's adoption of Ordinance 2. Objectors argue that prior to enacting the zoning map amendment, the Board had a duty to investigate the potential environmental impacts that might flow from Allen's request. The trial court stated that Objectors' challenge is misplaced in a procedural challenge to the enactment of amendments to a zoning ordinance but, nonetheless, went on to address Objectors' argument, ultimately rejecting it.

While Objectors try to creatively characterize this issue as a procedural challenge by arguing that the Board had a duty to "investigate," Objectors' argument is really a substantive challenge. *See Pine Twp. Citizens' Ass'n v. Pine Twp. Bd. of Supervisors*, 367 A.2d 740 (Pa. Cmwlth. 1976) (ruling that challenge to enactment of zoning ordinance which alleged that ordinance was enacted without consideration of the mandates set forth in Article I, Section 27 of the Pennsylvania Constitution was substantive and not procedural). Therefore, we agree with the trial court that Objectors' argument is misplaced as a procedural challenge, and we will not address it in this context. *See id.*

### II. Procedural Challenges

#### A. Burden of Proof

Section 5571.1 of the Judicial Code, 42 Pa. C.S. § 5571.1, (Section 5571.1) governs appeals relating to an alleged defect in the process or procedure for the enactment or adoption of any ordinance or map. 42 Pa. C.S. § 5571.1(a). Under Section 5571.1(d)(1), an ordinance is presumed to be valid and to have been enacted

8

or adopted in strict compliance with statutory procedure. 42 Pa. C.S. § 5571.1(d)(1). A challenger bears the heavy burden of proving the ordinance's invalidity. *Oxford Corp. v. Zoning Hearing Bd. of Oxford*, 34 A.3d 286, 297 (Pa. Cmwlth. 2011); *see* 42 Pa. C.S. § 5571.1(e)(1) & (2).

Section 5571.1 "employs a multi-tiered system in which the standards for challenging an ordinance vary depending on the amount of time that has passed since its adoption." *Hawk v. Eldred Twp. Bd. of Supervisors*, 983 A.2d 216, 221 (Pa. Cmwlth. 2009). Relevant for our purposes here is whether Objectors brought their challenge within 30 days of the intended effective date of the challenged ordinance.[8] This determination is important because where an ordinance is challenged within 30 days of its intended effective date, strict compliance with statutory procedure is required. 42 Pa. C.S. § 5571.1(e)(1); *Messina v. East Penn Twp.*, 62 A.3d 363, 369 & 372 (Pa. 2012). Where an ordinance is challenged more than 30 days but less than 2 years after its intended effective date, substantial compliance with procedural requirements will allow the ordinance to stand.[9] *Messina*, 62 A.3d at 372; *see* 42 Pa. C.S. § 5571.1(e)(2)(ii).

Here, Objectors' challenge was filed December 19, 2016. Trial Court Docket, R.R. at iii; R.R. at 2a. This date was more than 30 days beyond the intended

---

[8] The "intended effective date" is the effective date specified in the challenged ordinance. 42 Pa. C.S. § 5571.1(g).

[9] In order to bring a challenge more than 30 days after an ordinance's intended effective date, the challenger must first prove that "because of the particular nature of the alleged defect in the statutory procedure, the application of the [30-day] time limitation . . . would result in an impermissible deprivation of constitutional rights." 42 Pa. C.S. § 5571.1(c); *Bartkowski Inv. Grp., Inc. v. Bd. of Comm'rs of Marple Twp.*, 18 A.3d 1259, 1264 (Pa. Cmwlth. 2011). The trial court denied Allen's motion to dismiss the appeal as untimely. Although Allen argues that Objectors' challenge to the adoption of Ordinance 2 was untimely, Allen does not argue that this element has not been met. Therefore, this element is not at issue.

9

effective date of Ordinance 2, which was adopted July 25, 2016 and effective 5 days thereafter. R.R. at 208a. Nonetheless, despite the plain language of Section 5571.1(e)(2)(ii), Objectors argue that strict compliance with the procedural requirements is necessary for Ordinance 2 to stand. In making their argument, Objectors rely on the fact that Smith initially filed a challenge to Ordinance 2 on August 24, 2016, within 30 days of enactment, and withdrew that challenge based on the Board's statement at its October 24, 2016 hearing that all information presented during its consideration of Ordinance 2 would be incorporated into its consideration of Ordinance 4. Objectors' Brief at 6. Objectors contend that because the process of enacting Ordinance 4 was not wholly independent of Ordinance 2, the instant appeal incorporates the claims concerning Ordinance 2. *Id*.

Simply because Objectors "incorporate" or make the same arguments in both cases is irrelevant to the issue of timing particularly where, as here, there is no indication in the record that the parties agreed that if Smith withdrew his initial challenge, any alleged defects could be raised later without prejudice or that the trial court made any similar ruling when Smith discontinued his appeal. *See* Objectors' Reply to Rule to Show Cause and New Matter ¶¶ 26-29, R.R. at 30a-31a; Allen's Answer to New Matter ¶¶ 26-29, R.R. at 35a. Smith's initial challenge to Ordinance 2, which he voluntarily discontinued, is separate from the challenge to Ordinance 2 *sub judice*. *See* Pa.R.C.P. No. 229 (stating a discontinuance is the exclusive method of voluntarily terminating an action by the plaintiff before commencement of trial). Accordingly, substantial compliance with statutory procedural requirements will allow Ordinance 2 to stand.[10] *See Messina*, 62 A.3d at 372 (stating, "[a]fter 30 days,

---

[10] Objectors acknowledge that there is a "separate protocol" for appeals filed after the 30-day limitation. Objectors' Brief at 9 n.2.

substantial compliance with the procedural requirements will allow the ordinance to stand").

Under Section 5571.1(e)(2)(ii), the party challenging the ordinance bears the burden of proving that there was a "failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in or the existence of the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance." 42 Pa. C.S. § 5571.1(e)(2)(ii); *Bartkowski Inv. Grp., Inc. v. Bd. of Comm'rs of Marple Twp.*, 18 A.3d 1259, 1264 (Pa. Cmwlth. 2011); *see Messina*, 62 A.3d at 369 & 372; Robert S. Ryan, Pennsylvania Zoning Law & Practice, § 9.1.14 (2018 Suppl.) (stating that where an appeal is brought outside the 30-day appeal period, the ordinance will not be found to be void from inception unless the challenger proves that "the failure to comply with statutory procedure resulted in insufficient notification to the public, such that the public was prevented from participating in the proceedings"). This Court has interpreted the phrase "failure to substantially comply with statutory procedure" to refer to those situations where a municipality "may have complied in part with specific statutory requirements but failed to comply with others." *Bartkowski*, 18 A.3d at 1266. "[W]hen, on balance, a municipality's compliance with statutory procedures is sufficient to satisfy concerns about public notice and participation, the municipality's failures are not sufficient to overcome the presumed validity of an ordinance.[]" *Id.* (footnote omitted).

### B. The Township's Zoning Ordinance and the MPC

Objectors first argue that there was insufficient notice prior to the first hearing held on May 25, 2016, in violation of both the Township's Zoning

11

Ordinance and the MPC, because the public notice for this hearing did not include the full text of the proposed Ordinance 2 and neither *The Sentinel*, the newspaper of general circulation in the Carlisle area, nor the County Commissioner's office ever received copies of the proposed ordinances. Objectors' Brief at 14. Objectors contend that the trial court erred in finding that the MPC contains no requirement to publish the full text of the amendment prior to the hearing. *Id.* at 15. Objectors maintain that the trial court erred in relying solely on Section 609 of the MPC, 53 P.S. § 10609, and overlooked the public notice provisions in Section 610 of the MPC, 53 P.S. § 10610.

Initially, we note that Objectors' 1925(b) statement did not allege that the trial court erred in failing to find a violation of the Township's Zoning Ordinance; in fact, Objectors' 1925(b) statement did not mention the Township's Zoning Ordinance.[11] *See* R.R. at 326a. Therefore, to the extent Objectors argue any procedural errors exist as a result of an alleged failure to comply with the Township Zoning Ordinance, Objectors have waived those arguments by failing to raise them in Objectors' 1925(b) statement.[12] *See* Pa.R.A.P. 1925(b)(4)(vii) (stating issues not raised in statement of errors complained of on appeal are waived); *see also Caln*

-----

[11] In their 1925(b) statement, Objectors alleged only that the trial court erred in finding that there were no violations of the MPC or the Sunshine Act or environmental due process. Objectors' 1925(b) Statement, R.R. at 326a.

[12] Objectors asserted two errors based on the Township Zoning Ordinance provisions: (1) involving the published notice and full text of the proposed amendment, relying on Section 704.2.B.1; and (2) involving Section 704.2.E, which Objectors maintain required the proposed amendment be submitted to the other Western Cumberland County Region municipalities, in particular, North Middleton Township. Objectors' Brief at 17-18; *see* Section 704.2.B&E. of Township Zoning Ordinance # 2011-04 at pp. 212-13, Supplemental Reproduced Record (S.R.R.) at Exhibit A. We note that, effective July 25, 2016, Section 704.2 was deleted in its entirety from the Township Zoning Ordinance. *See* Township Zoning Ordinance # 2016-03, S.R.R. at Exhibit C. This does not affect our analysis or disposition.

12

*Nether Co., L.P. v. Bd. of Supervisors, Thornbury Twp.,* 840 A.2d 484, 490 (Pa. Cmwlth. 2004) (stating issues are considered waived where an issue was not included in a filed 1925(b) statement). Accordingly, we will address only Objectors' argument concerning the municipality's failure to provide notice as required by the MPC.

Section 609 of the MPC provides that before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice.[13] 53 P.S. § 10609(b)(1). Additionally, Section 610 of the MPC, entitled "Publication, advertisement and availability of ordinances," provides, in relevant part:

> Proposed zoning ordinances and amendments shall not be enacted unless notice of proposed enactment is given in the manner set forth in this section, and shall include the time and place of the meeting at which passage will be considered, a reference to a place within the municipality where copies of the proposed ordinance or amendment may be examined without charge or obtained for a charge not greater than the cost thereof. The governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than 7 days prior to passage. Publication of the proposed ordinance or amendment shall include either the full text thereof or the title and a brief

---

[13] "Public notice" is defined in the MPC as:

> notice published once each week for two successive weeks in a newspaper of general circulation in the municipality. Such notice shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing. The first publication shall not be more than 30 days and the second publication shall not be less than seven days from the date of the hearing.

Section 107 of the MPC, 53 P.S. § 10107.

summary, prepared by the municipal solicitor and setting forth all the provisions in reasonable detail. If the full text is not included:

(1) A copy thereof shall be supplied to a newspaper of general circulation in the municipality at the time the public notice is published.

(2) An attested copy of the proposed ordinance shall be filed in the county law library or other county office designated by the county commissioners, who may impose a fee no greater than that necessary to cover the actual costs of storing said ordinances.

53 P.S. § 10610(a). Thus, Section 610 of the MPC requires that notice of a proposed zoning amendment be given prior to passage in accordance with the requirements set forth in Section 610. *See id.* The notice must include either the full text of the proposed amendment or the title and a brief summary. 53 P.S. § 10610(a). Where the full text is not included, a copy shall be provided in the manner set forth in subsections (a)(1) and (2). *See* 53 P.S. § 10610(a)(1) & (2).

We acknowledge that the trial court erroneously ignored Section 610. Nonetheless, the trial court's opinion sufficiently addressed notice and the record was sufficiently developed to allow this Court to affirm on other grounds. *See FP Willow Ridge Assocs., L.P. v. Allen Twp.*, 166 A.3d 487, 496 (Pa. Cmwlth. 2017), *appeal denied*, 178 A.3d 106 (Pa. 2018) (stating this Court may affirm on other grounds where grounds for affirmance exist).

Turning to the issue of whether the Township complied with the requirements of Section 610 of the MPC, because, as stated, Objectors appealed more than 30 days from Ordinance 2's effective date, only proof of substantial compliance with those requirements is necessary to allow Ordinance 2 to stand.

14

Given that only substantial compliance is required, we find no error in the trial court's reliance on *In re McGlynn*, 974 A.2d 525 (Pa. Cmwlth. 2009).[14] In *McGlynn*, we stated:

> The statutory notice and publication requirements are to ensure the public's right to participate in the consideration and enactment of municipal land use decisions. In other words, the notice provisions protect procedural due process. The concept of due process, however, is a flexible one and imposes only such procedural safeguards as the situation warrants. Demonstrable prejudice is a key factor in assessing whether procedural due process was denied.

*McGlynn*, 974 A.2d at 532. Further, where, as here, the appeal was filed more than 30 days after the intended effective date of the ordinance amendment, we are mindful that the party alleging the defect must prove that the failure to substantially comply with statutory procedure resulted in insufficient notice to the public of impending changes "so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance." 42 Pa. C.S. § 5571.1(e)(2)(ii); *see Messina*, 62 A.3d at 369 & 372.

Here, the challenged notice did not publish the full text of the proposed zoning amendment. However, Section 610 of the MPC requires either the full text or the title and a brief summary. Where a brief summary is provided, the full text shall be provided to a newspaper of general circulation in the municipality and an attested copy of the proposed ordinance filed in the county law library or other

---

[14] While *McGlynn* involved a conditional use application, we find it analogous because it also involved a municipal land use decision. Additionally, this Court has previously relied on *McGlynn* and applied the concept of demonstrable prejudice in the context of a procedural validity challenge. *See Oxford Corp*, 34 A.3d at 297-98 (applying principle to procedural validity challenge brought more than two years after enactment of ordinance).

15

county office designated by the county commissioners. Assuming the full text had not been provided to those entities, based on the facts here, we conclude that the public notice substantially complied with Section 610's requirements because one could discern the subject matter from its text and, consequently, there was sufficient notice to the public. *See Streck v. Lower Macungie Twp. Bd. of Comm'rs*, 58 A.3d 865, 878 (Pa. Cmwlth. 2012) (holding that notice was sufficiently detailed where it identified the content of the ordinance section being repealed or amended); *Bartkowski*, 18 A.3d at 1266 (stating that review rests on whether lack of compliance resulted in insufficient notification to the public; substantial compliance refers to situations where a municipality may have complied in part with specific statutory requirements but failed to comply with others and when, on balance, the municipality has complied sufficiently to satisfy concerns about public notice and participation, any failures are insufficient to overcome presumed validity of ordinance). The public notice for the May 25, 2016 hearing, published in *The Sentinel* on May 4 and May 11, 2016, stated that the Board scheduled a "Zoning Map Amendment Hearing," and provided the date, time and location of the hearing. R.R. at 54a. The notice stated that the applicant was requesting a zoning map amendment for two properties and listed the properties' addresses. *Id.* The notice further stated, "Applicant is requesting that both tracts of land be rezoned from Residential 2 Zone (R-2) to Industrial Zone (I) to allow the construction of two warehouse distribution centers." *Id.* Thus, the notice sufficiently summarized the nature of the proposed zoning amendment by identifying the property to which it applied and by stating that the hearing would pertain to rezoning the subject property from residential to industrial. Further, as the trial court noted, clearly Objectors and other members of the public had actual notice. Objectors attended the hearing with

16

counsel who participated. *See* R.R. at 108a-32a, 183a & 190a-91a. Thus, we conclude the notice sufficiently ensured the public's right to participate in the consideration of the ordinance amendment such that Objectors did not demonstrate prejudice and there was not a denial of procedural due process. *See McGlynn*, 974 A.2d at 532.

Nevertheless, Objectors argue that the fact that they and others attended the meetings ignores the fact that there may be individuals who did not appear who have been denied due process, and ignores the notion of shared public rights as discussed in *Davis-Haas v. Exeter Township Zoning Hearing Board*, 166 A.3d 527 (Pa. Cmwlth. 2017), *appeal denied*, 179 A.3d 8 (Pa. 2018). Objectors' Brief at 20-21. Objectors contend that, unlike *McGlynn*, which considered whether there was prejudice, *Davis-Haas* requires strict compliance with the statutory procedure. Objectors' Brief at 20. Objectors' reliance on *Davis-Haas* is misplaced, however, because in *Davis-Haas*, the objectors brought their procedural challenge within 30 days, thereby requiring strict compliance with the statutory procedure.

Because, on balance, the Township's compliance with statutory procedures is sufficient to satisfy concerns about public notice and participation, we find no error in the trial court's conclusion that the Township substantially complied with the challenged statutory procedures. Therefore, Objectors failed to sustain their burden to overcome the presumed validity of Ordinance 2 on this basis. *See Bartkowski*.

*C. Sunshine Act*

Objectors argue that the strict compliance mandate in Section 5571.1 applies to the procedures set forth in the Sunshine Act, and that Section 710.1(a) of

17

the Sunshine Act, 65 Pa. C.S. § 710.1(a), requires a reasonable opportunity at "each" advertised regular or special meeting for public comment concerning matters under consideration.[15]  Objectors' Brief at 21. Objectors assert that the trial court erred in ruling that there was no violation of the Sunshine Act because there was ample opportunity for public comment during the prior public hearing held on May 25, 2016. *Id.* (citing Trial Court Opinion at 7).  Emphasizing the word "each" in Section 710.1(a) of the Sunshine Act, Objectors point out that the Board did not take public comment at the June 27, 2016 meeting and, therefore, maintain that the Board failed to follow the proper procedure outlined in the Sunshine Act.  *See id.* at 21 & 28. Objectors point to the lack of public comment as evidence that there was a "predetermined outcome" and that the deliberative process was "irredeemably broken" such that the subsequent October and November proceedings did nothing to cure the errors from June.  *Id.* at 28.

Objectors effectively ask this Court to ignore the legislatively enacted time limitation for raising a Sunshine Act violation contained within that act. Section 713 of the Sunshine Act provides:

---

[15] Section 710.1(a) of the Sunshine Act provides, in relevant part:

> Except as provided in subsection (d) [not relevant here], the board or council of a political subdivision or of an authority created by a political subdivision shall provide a reasonable opportunity at each advertised regular meeting and advertised special meeting for residents of the political subdivision or of the authority created by a political subdivision or for taxpayers of the political subdivision or of the authority created by a political subdivision or for both to comment on matters of concern, official action or deliberation which are or may be before the board or council prior to taking official action.

65 Pa. C.S. § 710.1(a).

*A legal challenge under this chapter **shall** be filed within 30 days from the date of a meeting which is open*, or within 30 days from the discovery of any action that occurred at a meeting which was not open at which this chapter was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting. The court may enjoin any challenged action until a judicial determination of the legality of the meeting at which the action was adopted is reached. Should the court determine that the meeting did not meet the requirements of this chapter, it may in its discretion find that any or all official action taken at the meeting shall be invalid. Should the court determine that the meeting met the requirements of this chapter, all official action taken at the meeting shall be fully effective.

65 Pa. C.S. § 713 (emphases added). This Court has consistently interpreted Section 713, and its time limitations, in accordance with its plain language. *See Day v. Civil Serv. Comm'n of Carlisle*, 931 A.2d 646, 652-53 (Pa. 2007) (citing, among other cases, *Belitskus v. Hamlin Twp.*, 764 A.2d 669, 670–71 (Pa. Cmwlth. 2000), which stated because "alleged 'improper official activity' [occurred at a meeting] which was not open to the public, objector was obligated to bring the action within thirty days of his discovery of the alleged improprieties"; and *Lawrence Cty. v. Brenner*, 582 A.2d 79, 82 (Pa. Cmwlth. 1990), which interpreted the predecessor to Section 713 and stated "legal challenges under [t]he Sunshine Act must be brought within thirty days of the complainant's discovery of the occurrence of an impropriety at that meeting which is actionable under the Act").

Here, the alleged Sunshine Act violation occurred during the June 27, 2016 hearing, but Objectors did not file their appeal until December 19, 2016, more than 30 days later. Accordingly, the 30-day period for filing any Sunshine Act

19

challenge expired before Objectors filed their appeal and, therefore, Objectors' Sunshine Act challenge is untimely.

"The timeliness of an appeal involves jurisdiction."[16] *Day*, 931 A.2d at 650. Although Allen does not argue that Objectors' claim was untimely under the Sunshine Act, as the question is one of jurisdiction, it is never subject to waiver. *See id*. Jurisdictional questions may also be considered *sua sponte*. *Id.* Because Objectors' challenge under the Sunshine Act was untimely, the trial court lacked jurisdiction over this issue. As the trial court addressed the merits of this challenge, we affirm the trial court on other grounds on this particular issue.[17] *See Slusser v. Black Creek Twp. Zoning Hearing Bd.*, 124 A.3d 771, 772 (Pa. Cmwlth. 2015) (stating this Court may affirm the decision of the trial court on any grounds).

Based on the foregoing reasons, we conclude that Objectors did not sustain their burden to overcome the presumed validity of Ordinance 2 because they did not establish that the Township failed to substantially comply with procedural requirements in the enactment of Ordinance 2. Additionally, because Ordinance 2 stands, any ruling on Ordinance 4 would have no effect as the subject property would remain rezoned as industrial. Therefore, Objectors' challenges to Ordinance 4 are moot, and we will not address them.

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[16] The timeliness of an appeal is a question of law. *Day v. Civil Serv. Comm'n of Carlisle*, 931 A.2d 646, 650 (Pa. 2007). Accordingly, on this question, this Court's scope of review is plenary and our standard of review is *de novo*. *See id.*

[17] Because Objectors' Sunshine Act challenge was untimely, we do not reach the applicability of Section 5571.1 and whether there was compliance with the Sunshine Act.

20

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karl Smith, Betty Butler : 
and Mark Butler, : 
           Appellants : 
: 
        v. : 
: 
Board of Supervisors of : 
West Pennsboro Township :   No. 873 C.D. 2017
and Allen Distribution : 

## O R D E R

AND NOW, this 19th day of December, 2018, the order of the Court of Common Pleas of Cumberland County dated May 26, 2017 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge